## BECKER, ADMINISTRATRIX, *v.* HOME BREWING COMPANY.

[No. 11,354. Filed October 31, 1922.]

1. CORPORATIONS.— *Action for Receiver.— Evidence.— Opposing Petition by Majority of Stockholders.*—In an action by a stockholder of a corporation for the appointment of a receiver to wind up the business of the company and distribute its assets among the stockholders, a petition signed by practically all the stockholders, to the effect that, if a dissolution of the corporation was deemed necessary, it should be done under the direction of the stockholders and not by a receiver, *held* not reversible error. p. 633.

2. CORPORATION.— *Brewing Company.— Charter.—Powers.*—Under a charter authorizing the "manufacture and sale of beer, ale, porter, and other malt liquors and extracts and all the business incident thereto," a brewing company had the power to engage in the manufacture and sale of malt extract. p. 634.

3. CORPORATIONS.— *Receiver.— Appointment.— Evidence.— Sufficiency.*—In an action by a stockholder of a corporation for the appointment of a receiver to wind up the business of the company and distribute its assets among the stockholders, and to restrain defendant from engaging in the manufacture and sale of malt extract, evidence *held* not sufficient to warrant the granting of the relief sought. p. 634.

From Marion Superior Court (A14,327) ; *Linn D. Hay,* Judge.

Action by John Becker against the Home Brewing Company. On the death of plaintiff, Martha Becker, administratrix of his estate, was substituted as party plaintiff. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*John W. Becker,* for appellant.

*Kealing & Hugg* and *Herman W. Kothe,* for appellee.

McMAHAN, J.—John Becker filed his complaint in October, 1921, alleging that appellee was organized as a corporation under the laws of this state, with an authorized capital of $400,000, and that he was the owner of eighty shares thereof; that the purpose for which appellee was organized was "the manufacture and sale of beer;" that appellee conducted such business and no other from the date of its incorporation to 1917, during which time it accumulated a large amount of real estate, including its brewery plant and divers properties in the city of Indianapolis, which had been used for saloon purposes, the aggregate value of such real estate being about $400,000; that after the prohibition law went into effect appellee engaged in the manufacture and sale of "dry beer," which was abandoned on account of it not

being a profitable business; that afterwards appellee engaged in the manufacture of malt extracts which also proved unprofitable, and its discontinuance had been recommended by the board of directors; that following this recommendation a meeting of the stockholders was held and a majority of the stockholders present passed a resolution authorizing the board of directors to engage in the manufacture and sale of ice in addition to the manufacture and sale of extracts; that appellant and others objected to engaging in the ice business on the ground that appellee did not have the power under its charter to engage in such business; that appellee had about $27,000 on hand which it would, unless restrained, expend in making changes necessary for the manufacture of ice; that on account of the inactivity of appellee and the loss sustained in the manufacture of extracts the market value of the capital stock had depreciated from $100 per share to about $50 per share; and prayed for an injunction restraining appellee from conducting the malt extract and ice business, for the appointment of a receiver to wind up the business of the corporation and to distribute the assets among the stockholders. The death of John Becker being suggested, appellant was substituted as plaintiff.

The trial court, after hearing the evidence, rendered a judgment against appellant denying the injunction and refusing to appoint a receiver.

Appellant appeals from this decree and contends that the court erred in overruling her motion for a new trial for the following reasons: (1) that the court erred in admitting in evidence a petition signed by the owners of about 3,300 of the 3,955 outstanding shares of the capital stock, to the effect that if a dissolution of appellee was deemed necessary it be done under the direction of the stockholders and not by a receiver; (2) that the

decision of the court is not sustained by sufficient evidence; and (3) that the decision is contrary to law.

It appears from the evidence that appellee was incorporated as a manufacturing company under the Act of 1875, Acts 1875 p. 106, §5062 Burns 1914. The object of the corporation, as stated in the articles of incorporation, was the "manufacture and sale of beer, ale, porter, and other malt liquors and extracts and all the business incident thereto." Appellee did a thriving business and paid dividends each year until it ceased manufacturing beer in 1917. In 1903, it increased its stock from $200,000 to $400,000, at which time it issued a stock dividend of $200,000 to its then stockholders. Prior to 1917, it had, in addition to its brewery, become the owner of about twenty buildings in the city of Indianapolis, which had been used for saloon purposes. On account of the large number of saloons in Indianapolis prior to the taking effect of the Prohibition Law in 1917, these buildings, because of their character and locations, are not in great demand as investments or for business purposes, and for that reason are not capable of being sold or rented to good advantage. The brewery plant was not adapted to any other business without the expenditure of considerable money, although a part of it could be used for the manufacture of malt extract. The opinion of all the witnesses who testified upon the subject was that it was best to use the property for some such purpose as manufacturing malt extracts in order that the machinery and the buildings might be kept in repair and not be allowed to depreciate because of nonuse. The officers and stockholders were all hopeful that something might develop that the manufacture and sale of beer might again become lawful, although the general opinion seemed to be that a change in the law to that effect was very doubtful. The purpose of all the stockholders and officers was to so hold, use, or dispose

of the property of the corporation as would be to the best interest of the stockholders. With the taking effect of the Prohibition Law appellee found itself the owner of real estate worth somewhere near $250,000, of the kind and character heretofore described. The directors were at a loss to know what to do or how to handle the property to the best advantage of the stockholders. When any question arose concerning the sale or use of the property or changing the business of appellee into manufacturing "dry beer," malt extracts, and the manufacturing of ice in connection with the manufacture of extracts, the directors called meetings of the stockholders, and presented the questions to the stockholders for their approval or disapproval, and in each and every instance the desires of the stockholders, as expressed in resolutions, were followed by the directors in their desire to conserve the property for the best interest of the stockholders. Appellant makes no claim or contention that the directors were not honestly and faithfully performing their duties in attempting to make the best out of the situation. Appellant's decedent owned eighty shares, and so far as the evidence shows, was the only one who was dissatisfied with the manner in which the officers of appellee were handling the property, and who desired that a receiver be appointed to dispose of the property and wind up the business of the corporation. Appellee's board of directors, on being advised by its lawyer that it could not under its charter legally engage in the manufacture and sale of ice, abandoned that idea and did not enter into that business.

Appellant was appealing to the conscience of a court of equity in asking that the control of the property be taken out of the hands of the owner and placed 1. in the hands of a receiver for disposition, and under the circumstances, as disclosed in the in-

stant case, we do not think it was reversible error to admit the petition which was signed by about seventy-five or eighty shareholders, owning, as we have stated, over 3,300 shares of the capital stock.   In the absence of this petition so signed by practically all of the stockholders, we are of the opinion that the court should have refused to order a dissolution of the corporation and to appoint a receiver.

Appellant insists that the action of appellee in manufacturing and selling malt extract was beyond the scope of the charter, and that appellee should have been enjoined from carrying on that business.   We cannot concur in this contention.   We hold that under the articles of incorporation appellee had power and authority to conduct that business, and the court correctly refused the injunction.

2.

It is not necessary for us to enter into a discussion of the power of a court to appoint receivers for corporations and to enter orders for the dissolution of corporations in proper cases.   But we do hold that the evidence in the instant case is not sufficient to justify us in reversing the action of the trial court in refusing to grant appellant the relief prayed for in her complaint.

3.

The judgment is therefore affirmed.