HARRIET B. BISBEE, executrix, *vs.* JOSEPH A. MACKAY &
others, trustees.

Suffolk.    December 4, 1912.—May 24, 1913.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & DE COURCY, JJ.

*Trust*, Enforcement against succeeding holder of real estate. *Notice. Equity Jurisdiction*, To enforce trust, Laches.

One, who held real estate subject to a trust created by a contract in writing between him and an investor who had advanced the money for its purchase, the terms of the trust among other things providing for the repayment to the investor of the money advanced by him, conveyed it without consideration through a conduit to himself and two others as trustees under a recorded declaration of trust providing for the issue of certificates of shares to those who should invest in the enterprise and for the selection and qualification of trustees to fill vacancies caused by death or resignation. The recorded declaration contained nothing with regard to the original investor's rights and the original trustee did not inform his new associates of them. Shortly after the conveyance the original trustee wrote to the investor stating that the conveyance did not affect his rights. All of the trustees later resigned and successors were appointed under the terms of the trust instrument. About a year and seven months after the conveyance by the original trustee, the investor by a suit in equity against the new trustees sought to enforce in his favor a trust as to the land which they still held. *Held*, that, because the original trustee knew of the trust in favor of the plaintiff, his first associates in the real estate trust and their successors, the defendants, none of whom had paid any consideration for the real estate, also received it subject to the same trust. *Held, also*, that the holders of shares in the real estate trust stood in no better position than the trustees. *Held, also*, that the plaintiff was not guilty of laches.

BILL IN EQUITY, filed in the Supreme Judicial Court on November 5, 1910, by William A. Bisbee (hereinafter called the plaintiff) against Joseph E. Barlow, and Joseph A. Mackay, James Reid Hyde and Wilfrid Bovey "as they are trustees of the Commonwealth Avenue Trust," to establish in the plaintiff's favor, as to certain land held by the defendant trustees, a trust which was set out in an unrecorded contract in writing between the plaintiff and the defendant Barlow, who formerly had held the legal title to the land and who had conveyed it through a conduit to himself and two others as trustees of the Commonwealth Avenue Trust under a recorded agreement in writing which made no mention of

the trust in the plaintiff's favor. The defendant trustees were successors of the original trustees by appointment under the terms of the trust.

William A. Bisbee died while the suit was pending and Harriet B. Bisbee, the executrix of his will, was allowed to appear and prosecute the suit.

On the plaintiff's motion, the bill was dismissed as to the defendant Barlow.

There was an agreed statement of facts. The material facts are stated in the opinion. The agreed statement of facts contained a stipulation that, if the plaintiff was entitled to impress the land with a trust on account of the contract between Barlow and Bisbee, or to enforce such contract against the defendant trustees in equity, a decree should be entered ordering the trustees to pay out of such trust, but not as individuals, the sum of $2,500, with interest at six per cent from November 30, 1908, without costs; and that otherwise the bill should be dismissed against the trustees without costs.

The case was reserved by *Sheldon*, J., for determination by the full court.

*R. W. Hale*, (*J. M. Maguire* with him,) for the plaintiff.

*W. A. Quigley*, for the defendants.

RUGG, C. J. The plaintiff by this bill seeks to establish a trust for his benefit in lands now held by the defendants under a recorded declaration of trust. The material facts are these: In October, 1908, William A. Bisbee and Joseph E. Barlow entered into a written agreement for the purchase of land for their joint account. The plaintiff furnished $2,500, which appears to have been all the money put into the transaction at that time. The title was to be taken in the name of Barlow, who was to have the active management of the venture and sell the estate for the benefit of both. The plaintiff was to have a one half interest, subject to certain deductions for expenses, and the net proceeds were first to be applied to the repayment with interest of the $2,500 furnished by the plaintiff. By subsequent written agreement another tract of land was substituted for the one first described. These agreements were never recorded.

It is plain upon familiar principles that the transactions up to this point raised a trust in favor of Bisbee, and that Barlow held

the title charged with the fiduciary duty to carry out the terms of the agreement. *Baylies* v. *Payson,* 5 Allen, 473, 488.

Barlow failed in essential particulars to perform his part of the contract. On April 13, 1909, he conveyed this tract of land, together with others standing in his name, to one Roche, who was a mere conduit of title, and who in turn at the same time conveyed it to Barlow, William P. Everts and Sidney F. Hooper as trustees under a real estate trust agreement and declaration of trust similar in terms to those under consideration in *Williams* v. *Boston,* 208 Mass. 497, and *Ricker* v. *American Loan & Trust Co.* 140 Mass. 346. The interest of the real owners was represented by certificates of fractional parts called shares. No value was given for this conveyance from Barlow through the conduit to the trustees, of whom Barlow was one, and all the shares were issued by the trustees to Barlow as payment for the land which he conveyed to them in trust. Barlow did not inform Roche, Everts and Hooper of his contract with Bisbee, and none of them had any knowledge of it. But of course he knew about it himself.

Such a conveyance was not to an innocent purchaser for value. It did not have the effect of extinguishing the equitable rights of Bisbee. No consideration was paid in fact. The devices of trustees, a declaration of trust and shares with the powers here vested in the shareholders constituted the association copartners. But, treating those named as trustees as trustees in the strict sense, they were under the circumstances here disclosed affected with the knowledge of Barlow. Shortly after this conveyance Barlow wrote to Bisbee that he deeded the land in trust "with the understanding that one half the profits, when sold, should go to you after refunding you the $2,500 that was due you." Knowledge of Barlow affected the trustees holding the property with the continuance of the trust in favor of Bisbee. *Freeman* v. *Laing,* [1899] 2 Ch. 355, 359.

No change was wrought in this respect by the resignation of the three original trustees and the substitution of the present defendants. There was no new conveyance. They took the legal title, according to the terms of the trust declaration, by selection and qualification. There was no new consideration. They took the same estate held by their predecessors charged with the same infirmities. The notice given to their predecessors in this regard

affected them. It was not essential to the preservation of the rights of Bisbee that a new notice should be given to each successive trustee as he came into the trust. *Smith* v. *Smith,* 2 C. & M. 231. *Phipps* v. *Lovegrove,* 16 Eq. 80. *Ward* v. *Duncombe,* [1893] A. C. 369. This is not an instance of an innocent purchaser for value relying upon the registry of deeds for his title. That principle is inapplicable to the circumstances of this case.

Those who have become purchasers of the shares from Barlow and their successors are not in the position of purchasers of real estate for value without notice. They can stand in no better position in this regard than the trustees. The evidence of interest in the trust being a certificate, which in form of transfer resembles personal property, purchasers for value do not stand on the same footing as purchasers of real estate by deed in reliance upon the record. It is subject in this regard to the infirmities of transfers of personal property.

The statute of frauds is inapplicable to the facts here presented. The original agreement was in writing. The plaintiff's rights rest upon that and are sustained by it throughout.

There is nothing in the record to warrant a finding of laches on the part of the plaintiff.

In accordance with the terms of the stipulation a decree may be entered ordering the defendant trustees to pay out of the trust, but not as individuals, the sum of $2,500 with interest at six per cent from November, 1908, without costs.

*So ordered.*