GALLAGHER, Appellant, v. MONK et al, Respondents.

(205 N. W. 71.)

(File No. 5422.   Opinion filed September 18, 1925.)

1.  **Trusts—Contracts—Assignments—Assignment of Judgment Without Consideration and with Notice of Adverse Equity Held to Constitute Trust.**

Plaintiffs assigned to defendant M. a judgment against defendant S., with understanding that plaintiff was to receive all over a certain sum from the proceeds, and M. in turn assigned it to defendant S. without consideration.   An amount in excess of the sum specified was realized on execution sale, and received by S.   **Held,** the assignment by M. to S. with full notice and without consideration constituted a trust which could be enforced in favor of plaintiff.

2.  **Trusts—Consideration—Trust Enforced Against All Who Have Notice or Take Without Consideration.**

A trust will be enforced against all persons who obtain it without consideration or with notice of trust.

Appeal from Circuit Court, Minnehaha County; Hon. L. L. Fleeger, Judge.

Action by J. P. Gallagher against H. E. Monk and another. From an order sustaining a demurrer to the complaint, plaintiff appeals.   Reversed and remanded.

*Cherry & Davenport,* of Sioux Falls, for Appellant.

*Kirby, Kirby & Kirby,* of Sioux Falls, for Respondents.

(1)   To point one of the opinion, Appellant cited:   Weltner v. Thurmond (Wyo.), 98 Pac. 590; Freer v. Lake (Ill.), 4 N. E. 512; Pratt v. Thornton (Maine), 48 Am. Dec. 492; In re Carpenter (N. Y.), 29 N. E. 1005; Jenkinson Co. v. Porzel (Pa.), 41 Atl. 744; Jones v. Kent, 80 N. Y. 585.

DILLON, J.   [1]   The appellant began this action in the circuit court of Minnehaha county to recover on a contract assigning a judgment against defendants (respondents herein).   The respondent Schoeneman Bros. Company demurred to the complaint on the grounds that the complaint did not state facts sufficient to constitute a cause of action.   An appeal was taken from the order of the lower court sustaining the demurrer.   The only question involved in this appeal is the validity of the order sustaining the demurrer.   On September 10, 1922, appellant was the owner of

a judgment amounting to $3,841.43, and this judgment with others, were liens on property located in Minnehaha county. This property was directed to be sold to satisfy the liens thereon. On September 18, 1922, written agreements were entered into, and the judgment and the mechanic's lien were assigned to defendant H. E. Monk for the consideration of $2,500. One of the written instruments executed at that time specified that, whereas the said J. P. Gallagher has, on the date hereof, sold, assigned and set over to H. E. Monk the judgment of $3,841.43 in consideration of $2,500, and further agrees "that if said H. E. Monk is able to collect, or realize out of the said judgment, by virtue of the amount received on said judgment, from the sale of said property involved in this action, by virtue of the judgment of sale, heretofore made and entered in the said circuit court, a sum in excess of $2,500, then the whole of such sum is to be and become the property of the said J. P. Gallagher."

On November 22, 1923, said H. E. Monk assigned the entire judgment he obtained from Gallagher to the respondent Schoeneman Bros. Company, who had knowledge that Monk did not have full and complete title to the judgment; "that Monk possessed only a partial interest" to the extent of $2,500; and that Gallagher "had an interest for the amount that would be realized from the sale under special execution in excess of $2,500"; and that the assignment to Schoeneman Bros. Company by Monk was without consideration. December 9, 1922, by virtue of a special execution on the judgment, the property was sold to the respondent Schoeneman Bros. Company for $33,000. At the date of said sale, the judgment of Gallagher, which had been assigned, amounted to $3,975.88, and the total judgments in said action aggregate $34,734.64. The amount received from the sale by respondent Schoeneman Bros. Company on the Gallagher judgment was $3,696.65. After deducting $2,500, which amount the respondent was entitled to by the assignment of Monk's interest under the contract with Gallagher, there remained in excess a balance of $1,197.65 due appellant under the terms of the agreement of Monk and Gallagher. The respondent contends, in support of the order sustaining the demurrer, that the agreement between Gallagher and Monk was a personal obligation, and was an absolute transfer of judgment from Gallagher to Monk, and

that respondent was not a party to the agreement, hence not liable, and that "without any allegation of fraud or conspiracy" there could be no liability on the part of respondent. In this we cannot agree with the respondent, for the facts alleged, in our opinion, established a trust between Gallagher and·Monk.

[2]  The assignment by Monk to respondent with full notice and without consideration admitted by the pleadings constitute a. trust in respondent which should be enforced.  Flagg v. Walker,. 113 U. S. 659, 5 S. Ct. 697, 28 L. ed. 1072; Bisbee v. Mackay, 215 Mass. 21, 102 N. E. 327; Jones v. Kent, 80 N. Y. 585; Cook v. Bell, 114 Mich. 283, 72 N. W. 174. "A trust will be enforced against all persons who obtain it without consideration or with notice of trust."  Carlo Cavagnaro v. Jean Don et al, 63 Cal. 227; Thompson v. Bank of California, 4 Cal. App. 660, 88 P. 987; Cottonwood County Bank v. Case et al, 25 S. D. 77, 125 N. W. 298; Luscombe v. Grigsby et al, 11 S. D. 408, 78 N. W. 357; 39 Cyc. 548, 528, 526.

The order of the lower court in sustaining the demurrer is. reversed and the case remanded. ·

POLLEY, P. J., concurs in result.