CROWDER ET AL. *v.* TERHORST ET AL.

[No. 16,054. Filed May 23, 1939. Modified May 23, 1939. Rehearing denied October 18, 1939. Transfer denied December 18, 1939.]

*Charles H. Bedwell,* for appellants.

*Cooper, Royse, Gambill & Crawford,* and *Rawley & Stewart,* for appellees.

DUDINE, J.—Appellants are Trustees under a written trust agreement executed by the Peoples State Bank of Sullivan, Indiana (hereinafter referred to as Peoples Bank), prior to its consolidation (as of November 19, 1928) with the First National Bank of Sullivan, Indiana, by the terms of which trust agreement assets of the Peoples Bank, which were not transferred to the new bank formed by the consolidation, were transferred to predecessors of appellants as trustees for collection and liquidation of such assets and distribution of the proceeds thereof to the stockholders of the Peoples Bank.

Appellees are trustees for depositors and creditors of the Terre Haute Trust Company (hereinafter called trust company) and as such are charged with the collection and liquidation of certain assets of said trust company and to distribute the proceeds thereof to depositors and creditors of said trust company.

Among the assets so transferred to appellee trustees was a participation certificate for 250/1250 ths. share of said assets of the Peoples Bank held by appellant trustees as aforesaid. Appellee trustees hold said participation certificate as collateral security for a loan made by the trust company to Ransom W. Akin before said Sullivan banks were consolidated.

Several dividends have been paid to the holders of

similar participation certificates, but the trust company and appellee trustees have received nothing on their said participation certificate.

This is an action instituted by appellee trustees to enjoin appellant trustees from paying further dividends to holders of such participation certificates until a sum equal to the pro rata share due appellee trustees, by virtue of said participation certificate, has been paid to them and praying that appellant trustees be ordered to pay appellee trustees from said assets in their hands such sums as will equalize them with other holders of participation certificates pro rata.

The complaint was in one paragraph. Appellant trustees filed a demurrer to the complaint which demurrer was overruled. Thereupon appellant trustees filed an answer in six paragraphs and the issues were closed by appellee trustees' reply in general denial.

The cause was submitted to the court for trial without a jury upon a written stipulation of facts. No oral testimony was introduced. The court found for appellee trustees and rendered judgment in accordance with the prayer of the complaint. Appellants filed a motion for new trial which was overruled.

The errors assigned upon appeal are contended error in overruling the demurrer to the complaint and contended error in overruling the motion for new trial.

The causes for new trial presented upon appeal are: (1) the decision of the court is not sustained by sufficient evidence, (2) the decision is contrary to law.

It is expedient that we set out a summary of the evidence before we discuss the propositions stated in support of the assigned error in overruling the motion for new trial.

On November 19, 1928, said Peoples Bank consolidated with the First National Bank of Sullivan and,

pursuant to the plan of consolidation, certain assets of Peoples Bank were transferred to the consolidated bank and the remainder of the assets of the Peoples Bank were transferred to J. T. Akin, James M. Sinclair and said Ransom W. Akin, as trustees. A trust agreement was entered into between the Peoples Bank and said trustees providing that said trustees should liquidate the assets so transferred to them and pay the proceeds pro rata to the stockholders of the Peoples Bank. Said trust agreement provided further that said trustees should issue "Certificates of Participation" to the stockholders of the Peoples Bank representing the interest of each stockholder in the trust estate.

Prior to November 19, 1928, the date of the consolidation of said banks, said Ransom W. Akin, one of said trustees, was the owner of two hundred fifty shares of the common capital stock of the Peoples Bank and held certificates for such stock issued in his name; and prior to that date he borrowed from The Terre Haute Trust Company $68,093.78 and pledged said stock certificates as collateral security for said loan, he having endorsed the certificates in blank and having delivered them to the trust company.

Prior to that date said Ransom W. Akin was indebted to the Peoples Bank in the sum of $7,700.00. Said indebtedness was among the assets transferred to the predecessors of appellants as such trustees, as stated above.

Said trustees accepted said trust, and after the transfer of said assets to them, on or about November 19, 1928, said trustees issued participation certificates to the stockholders of the Peoples Bank for a fractional share in said trusteed assets in the proportion that the number of shares held by each stockholder

bore to the entire number of shares of the outstanding capital stock of the Peoples Bank.

Shortly after the transfer of said assets to said trustees Ransom W. Akin requested the Terre Haute Trust Company to permit him to take the certificates for two hundred fifty (250) shares of the common capital stock of the Peoples Bank, which he had pledged to the trust company as we have stated, to the Peoples Bank for the purpose of obtaining a participation certificate to be issued by said trustees in lieu of said stock and the trust company did then deliver said stock certificates to Ransom W. Akin for that purpose.

Ransom W. Akin did deliver said stock certificates to said trustees and received a participation certificate for 250/1250 ths. of the net proceeds of said trusteed assets in lieu thereof, which certificate was issued in the name of Ransom W. Akin. He promptly endorsed the certificate in blank and delivered it to the trust company as collateral to secure said indebtedness due the trust company from him.

Thereafter, on or about January 15, 1934, said trust company was reorganized and certain assets of the trust company were assigned and delivered to the appellee trustees for the benefit of the creditors and depositors of the trust company, and among said assets was the note of Ransom W. Akin evidencing said loan and said participation certificate.

Said J. T. Akin, James M. Sinclair and Ransom W. Akin resigned as such trustees and appellants were appointed trustees in their stead. Appellants accepted the trust and have continued to act and are now acting as such trustees. (Note. The evidence does not show when said change in trustees was effected.)

Dividends amounting to $41.00 per share of stock in the Peoples Bank have been declared and paid to

holders of participation certificates, but no payments of dividends have been made by the appellant trustees or the predecessor trustees to the trust company or to appellee trustees.

The predecessors of appellant trustees, as of November 19, 1928, paid to said Ransom W. Akin (who was one of the predecessor trustees at that time) $2,500.00, representing a dividend of $10.00 per share of stock in the Peoples Bank then represented by said participation certificate outstanding in his name and pledged to the trust company. Thereafter, as dividends were declared by the predecessors of appellant trustees, the dividends due on said participation certificate were credited by the trustees against the indebtedness due the Peoples Bank from Ransom W. Akin in the sum of $7,765.84. There now remains in the hands of appellant trustees the sum of $1,234.16 of the dividends declared on said participation certificate over and above all the indebtedness of Ransom W. Akin to the Peoples Bank.

The indebtedness of Ransom W. Akin to the trust company and assigned to appellee trustees is due and unpaid.

Appellants contend that they had a legal right to apply dividends accruing from said participation certificate upon said indebtedness of Ransom W. Akin to Peoples Bank. They base their contention upon the further contention that appellee trustees acquired said participation certificate as an *"assignee"* of Ransom W. Akin, a "trustee-cestui qui trust", and acquired it subject to "an existing equity to make up actual past defaults (of said trustee-cestui qui trust) and with a potential or possible equity to restore money lost or stolen in the future."

We think appellee trustees were more than "assignees" of said participation certificate subject to

such equities in favor of said trust estate as against Ransom W. Akin.

When he pledged the stock he was the owner thereof and he had the right and power to transfer title therein to the trust company by endorsing it in blank and delivering it to the trust company. That is true in spite of the fact that the certificate of stock itself provided that it was transferable only upon the books of the Peoples Bank. § 25-701 Burns 1933, § 14892 Baldwin's 1934.

The evidence does not show whether Ransom W. Akin's indebtedness to Peoples Bank existed when he pledged said stock to the trust company but even if said indebtedness did exist then the Peoples Bank did not by operation of law or otherwise obtain a lien on said stock.

When the consolidation of the Peoples Bank with the First National Bank of Sullivan took place the trust company held title to the participation certificate and as such title holder had the right, as against appellant trustees, to receive all of the proceeds of the liquidation of the stock represented by the certificate.

"... It is well settled that the delivery by the pledgee to the pledgor (of the stock certificates) for a mere temporary purpose, or a special purpose, does not, in legal contemplation, interrupt the pledgee's possession . . . . " *New Albany Nat'l Bank* v. *Brown* (1916), 63 Ind. App. 391, 114 N. E. 486; followed in *Fletcher Amer. Nat'l Bank* v. *Federal Securities Co.* (1932), 94 Ind. App. 379, 169 N. E. 599. See 31 Cyc. 818 to the same effect.

The evidence supports a finding that the delivery of the stock certificates to Ransom W. Akin by the trust

company for the purpose of securing the participation certificate in lieu thereof, the issuance of the participation certificate, the endorsement thereof in blank and the delivery thereof to the trust company by Ransom W. Akin was in effect simply a process or method of liquidating said stock. There is no basis in the record for a contention that either the trust company or Ransom W. Akin intended or understood that the title or interest of the trust company in and to the stock or to the proportionate part of the trusteed assets which the stock represented would be transferred to Ransom W. Akin in the course of said transactions. The trust company's title or interest in the participation certificate is not that of an "assignee" of Ransom W. Akin, but its title is that of a pledgee, clear of any liens which the trustees might have against Ransom W. Akin. The delivery of the participation certificate by appellees to Ransom W. Akin under the circumstances shown in the evidence was not such a surrender thereof as indicated that appellees intended to release the collateral security or any part of it.

Appellants contend further that the decision is contrary to law because the trust company authorized Ransom W. Akin as its agent to surrender the stock certificate in lieu of a participation certificate to be issued in his name and while it was so outstanding the trustees paid out $2,500.00 to him as dividends on said participation certificate. Appellants say in effect that the judgment holds them (appellants) "an innocent third person" liable to a principal for the default of the principal's agent.

As we have said before we think the evidence supports a finding that said transactions were in effect simply a process in the liquidation of said stock. The evidence suports a finding that neither the trust com-

pany nor Ransom W. Akin intended or understood that the trust company would be bound as a principal by the said acts of Ransom W. Akin as its agent.

Appellants call our attention to the fact that the trust agreement provided that participation certificates could be transferred ''only upon proper endorsement and presentation for transfer to the trustees'' and to the fact that appellees did not give the trustees notice that they held said participation certificate until after the dividends on the stock represented by it had been applied to the indebtedness of Ransom W. Akin as we have stated, and appellants contend further that ''under such circumstances appellee trustees have no priority over the other beneficiaries of the trust which would entitle them to require the other beneficiaries to pay to them the amount of dividends that had been applied upon said indebtedness of Ransom W. Akin or the amount of dividends that had been paid directly to Ransom W. Akin.''

The following language taken from *Noyes* v. *Spaulding* (1855), 27 Vt. 420, referring to a similar provision in a stock certificate, is applicable to the provision in the trust agreement that participation certificates are ''transferable only upon proper endorsement and presentation for transfer to the trustee,'' viz. (p. 426):

''(That) provision is similar to the statute in this state in relation to the transfer of real estate; under which it has been uniformly held that the title passes to the grantee, as between the parties to the conveyance, though the deed is unrecorded. . . . The object of having a transfer recorded on the books of the corporation (appellant trustees in this case) is notice, and that is the only object. For that reason the transfer, though unrecorded, is good against the party and all those who have notice in fact of the transfer.''

The words in the participation certificate that it is transferable only on the books of appellant trustee are for the convenience and protection of appellant trustees. The convenience and necessities of business require that if the certificate is endorsed in blank on the back, any bona fide holder thereof can fill in his name and have a new certificate issued to him.

In view of the fact that a transfer of corporation stock by endorsement in blank and delivery of the stock certificate is recognized by statute in this state (§ 25-701 Burns 1933, supra, § 14892 Baldwin's 1934, supra) as an effective transfer thereof even though the stock certificate provides that it shall be transferable only on the books of the corporation, we think participation certificates issued in lieu of corporate stock in the process of liquidation of the corporation should be considered transferable in the same manner, even though the participation certificate provides that it is transferable only upon proper "endorsement and presentation to the trustees." There is no reason why such a provision in a participation certificate similar to the one before us should be more strictly construed than a similar provision in a stock certificate. See *Rice* v. *Rockefeller* (1892), 134 N. Y. 174, 31 N. E. 907, 17 L. R. A. 237.

It should be remembered that the purpose of the trust represented by appellants was to pay to the *owners* of the participation certificates the net proceeds of the trusteed assets. Appellees should not be prevented from recovering their portion of said proceeds on account of their failure to present their participation certificate to the trustees for transfer *unless such failure amounted to laches which renders it inequitable to grant appellees such*

*relief.* See *New Albany Nat'l Bank* v. *Brown,* supra (p. 411):

" 'The cases . . . in which . . . (laches) have been invoked and considered . . : proceed on the assumption that the party to whom laches is imputed has knowledge of his rights and ample opportunity to establish them in the proper forum; that by reason of his delay the adverse party had good reason to believe that the alleged rights are worthless or have been abandoned and that because of change in condition or relation during this period of delay, it would be an injustice to the latter to permit him to now assert them . . . . They all proceed upon the theory that laches is not like limitation, a mere matter of time; but principally a question of the inequity of permitting the claim to be enforced—an inequity founded upon some change in the condition or relations of the property or the parties'." *Gallager* v. *Caldwell* (1891), 145 U. S. 368, 12 S. Ct. 873, 36 L. Ed. 738.

The application of the dividends to Akin's indebtedness by the predecessors of appellants did not constitute a "change in conditions." The trust was not harmed thereby; nothing was paid out of the trust. It is clear that it is not inequitable to permit appellees to recover said portion of said dividends.

It is contended that appellants' predecessors "detrimentally changed their position with reference to the dividends declared on the stock represented by the participation certificate when they paid the $2,500.00 to Ransom W. Akin."

Assuming that the transactions referred to were simply a process in the liquidation of said stock and participation certificate, which assumption is supported by the evidence as we have heretofore stated, notice to Ransom W. Akin, one of the original trustees,

that the trust company was the owner of the participation certificate, was notice to all the trustees, including appellants the successor trustees. *Bisbee* v. *Mackey et al.* (1913), 215 Mass. 21, 102 N. E. 327; Bogert on Trusts, Vol. 4, Sec. 913, p. 2650.

The record fails completely to show that said trustees were induced to pay said $2,500.00 to Ransom W. Akin or to so change their position by the trust company's failure to give them any other notice that it was the holder of the participation certificate or by any other conduct of appellees or their predecessors. The evidence shows that said $2,500.00 was paid to Ransom W. Akin on the date of the consolidation of the Sullivan banks, when his indebtedness to the Peoples Bank was outstanding even on the books of the trustees. Clearly it was an improper payment. As between appellees who did not have a reasonable length of time to notify co-trustees of Ransom W. Akin in person that it was the owner of the participation certificate, before they had paid the $2,500.00 to Akin, and the trust we think it is clearly equitable that the trust should suffer the consequences of the wrongful act of its trustees in paying said $2,500.00 to Akin.

It is sufficient to say with reference to appellants' contention that appellee trustees should have no priority over the other beneficiaries of the trust, that the court did not by its judgment give appellee trustees such priority; the judgment places appellee trustees as owners of a participation certificate in *equal* priority with the other holders of participation certificates.

In support of the contended error in overruling the demurrer to the complaint appellants contend that appellees having sued as pledgees of Ransom W. Akin, he (Akin) had a "joint interest" in the participation certificate and his interest would be af-

fected by the judgment sought to be obtained and therefore Ransom W. Akin was a necessary party. Akin's interest in the participation certificate consisted of a right to recover from appellees a surplus of the dividends payable on said certificate over and above the amount of his indebtedness to appellees, or a right to recover said certificate upon the payment by him of his indebtedness to the trust company. As between appellants and appellees, appellees were the owners of the certificate and they had a complete right to recover from appellants all dividends payable thereon. Ransom W. Akin was not a necessary party to the cause.

Several law questions are presented in support of the contended error in overruling said demurrer which questions we have discussed with reference to the contended error in overruling the motion for new trial, but it would serve no good purpose to discuss them with particular reference to the contended error in overruling the demurrer, and therefore we refrain from so doing.

No error having been shown, which requires a reversal of the judgment, it is affirmed.

Bridwell, J., not participating.