By the Court.
 

 This action in mandamus originated in the Court of Appeals of Lucas county, Ohio. The issues were made up by the amended petition, answer and reply. From the pleadings the following undisputed facts appear:
 

 The relator, Daniel K. Carroll, was appointed a member of the fire department of the city of Toledo, Ohio, on May 15, 1909. He retired therefrom and was allowed a pension beginning September 1, 1934, at the rate of $80 per month, which he continued to draw until August 1, 1938. At that time he accepted a position as chief of the fire department for the village of Ottawa Hills, Lucas county, and received a salary derived from taxes levied and collected in Lucas county.
 

 The respondents plead that rule XIX was amended by the hoard of trusteés of the firemen’s pension fund, effective June 1, 1935.
 

 Rule XIX, as amended, reads as follows:
 

 “Any pensioner, widow, or any other beneficiary of the firemen’s pension fund, who accepts a position with the federal, state, county or city government, or any position, the salary of which is derived from any taxable source, shall upon such acceptance of such
 
 *655
 
 position, be automatically removed from tbe pension fund pay roll, and shall remain suspended as long as he or she is employed. Upon proof to the board of pension fund trustees of the relinquishment of such position, they shall immediately be reinstated and again receive the benefits of the fund, under however, the rules, regulations and schedules in effect on the date of their reinstatement.”
 

 Relator’s reply admits rule XIX was in existence on August 1, 1938, but denies that it was passed and enacted in accordance with rule XXVI and denies that it has any legal effect or force against the relator.
 

 Rule XXVI, in effect at the time rule XIX was amended, reads as follows: “All rules and regulations may he altered or amended in any manner by vote of two-thirds of all the members of the Board of Trustees of the Firemen’s Pension Fund at a regular meeting of said board; provided, however, that previous notice of such alteration or amendment shall have been given in writing to the board of trustees at least two weeks before the same shall be acted upon, and no such alteration or any change in transacting the business of the board shall go into effect or be legal until approved by the majority of the board.”
 

 Since there is no bill of exceptions, it is impossible to determine whether rule XIX was amended in accordance with the method provided in rule XXVI.
 

 The importance of rule XIX cannot be denied. At the time relator was granted his pension, a pension was not a vested right, but a mere gratuity, and could be reduced by amendment of the rules.
 
 Mell et al., Trustees,
 
 v.
 
 State, ex rel. Frits,
 
 130 Ohio St., 306, 199 N. E., 72;
 
 State, ex rel. White, Gdn.,
 
 v.
 
 City of Cleveland,
 
 135 Ohio St., 13, 17, 18 N. E. (2d), 807. Moreover, Section 4612-1, General Code, which became effective after relator’s pension was allowed, applies only to pensions granted subsequent to its effective date. There is no doubt of the power of the board to
 
 *656
 
 change by rule a gratuitous pension so as to suspend its payment during the time the pensioner is holding another position, the salary of which is paid from funds raised by taxation.
 

 But, as stated, there is no bill of exceptions. Without it this court cannot tell whether rule XIX was passed as required by rule XXVI. Every presumption arises in favor of the regularity of the proceedings below. In other words the presumption is that the court below did not err. In the absence of a bill of exceptions this court must assume that the evidence adduced showed that rule XIX was duly passed and with that rule in effect the relator could not prevail. The only alternative is to affirm the judgment.
 

 Judgment affirmed.
 

 Weygandt, C. J., Turner, Williams, Matthias, Hart and Zimmerman, JJ., concur.
 

 Bettman, J., not participating.