Zimmerman, J.
 

 This opinion is supplemental to the one reported in 149 Ohio St., 477, 79 N. E. (2d), 316, and should be considered therewith. The syllabus to the former opinion reads as follows:
 

 “Members of the fire and police departments of the city of Cleveland, who'retired in good standing from such departments and were duly awarded pensions after the effective dates of Sections 4612-1 and 4628-1, General Code (giving vested rights to pensions), and before the effective date of Sections 4612-4 and 4628, General Code, as amended (suspending the payment
 
 *378
 
 •of pensions during the time pensioners hold ‘an elective or appointive full-time salaried office or position in the service of the state or any political subdivision thereof’), and prior to the effective date of rules of the trustees of the pension funds involved likewise suspending pension payments, are not affected by the latter sections or such rules, and are entitled to receive the pensions granted them even though they re-enter public service of the character described in the statutes, which service is not in the departments from which they retired. ’ ’
 

 Upon the original presentation of these cases, it was represented to this court and assumed by both sides that all the relators herein were awarded pensions or disability benefits between the effective dates •of the so-called ‘ ‘ vested right ’ ’ statutes (Sections 4612-1 and 4628-1, General Code) and the effective date of Sections 4612-4 and 4628, General Code, as amended, which latter sections provide among other things and in effect that the payment of pensions or disability benefits shall be suspended during the time pensioned firemen or policemen re-engage in remunerative public service for the -state or any political subdivision thereof.
 

 It now appears from the supplemental stipulations of fact,' filed subsequent to the original opinion and before rehearing was allowed, that only some of the relators are within the above category. They are James Cunat, Orley May, Mason Nichols, James Seidhamel, Joseph Sweeney, John A. Wolf, Mark M. Price, Sr., George A. Hanrahan, George A. Smith, John J. Miller, Thomas P. McManaman, Richard Benjamin, James O’Neill, William J. Saunders, Joseph F. Sweeny, George T. O’Malley and Herman C. Boege.
 

 These relators come squarely within the terms of the quoted syllabus and may not, because of their present
 
 *379
 
 public employment, be deprived of tbe pensions or disability benefits previously awarded them.
 

 According to tbe supplemental stipulations of fact, tbe relators James P. Gaul, Thomas E. Barrett, John Flynn and John Toner, engaged in public service for pay with the state or its political subdivisions, were awarded their pensions or disability benefits sometime prior to the effective dates of the so-called “vested right” statutes, referred to above.
 

 What is their status ?
 

 The case of
 
 State, ex rel. Lemperle,
 
 v.
 
 McIntosh et al., Trustees,
 
 145 Ohio St., 107, 60 N. E. (2d), 786, following the principles announced in the cases of
 
 Mell et al., Trustees,
 
 v.
 
 State, ex rel. Fritz,
 
 130 Ohio St., 306, 199 N. E., 72, and
 
 State, ex rel. Carroll,
 
 v.
 
 McCarthy,
 
 139 Ohio St., 654, 41 N. E. (2d), 863, holds that the so-called “vested right” statutes deny the trustees of a relief and pension fund the power to' take away or impair the right of a pensioner to a pension granted subsequently to the effective dates of those statutes, but does not affect the trustees’ right to pass rules altering pensions previously granted.
 

 In the course of the opinion in the
 
 Lemperle case, supra,
 
 the remark is made:
 

 ‘ ‘ It cannot be denied that there are now two classes of pensioners, those whose pensions are gratuitous and those whose pensions are vested. This classification or distinction was created not by the rule [of the trustees] but by the enactment of the vested-interest statute. Previous to its adoption certain pension rights were outstanding and subsisting, but subject to change by rule. It was not an unreasonable or arbitrary exercise of legislative power to restrict the authority of the trustees as to pensions thereafter granted by them, without altering their power as to pensions previously granted. Such a classification does not exceed constitutional limitations. ’ ’
 

 
 *380
 
 In other words, the original “vested right” statutes do not operate to protect pensioned firemen or policemen who were awarded their pensions prior to the effective dates of those statutes, and the trustees of the pension funds herein involved, in conformity with the statutory enactments suspending the payment of pensions or disability benefits to those who have re-entered public employment of the kind described, could lawfully adopt rules suspending the payment of pensions or disability benefits to those who were awarded their pensions or disability benefits before 1937 and who re-engaged in public employment for pay with the state or a political subdivision thereof.
 

 The principle is thus stated in the
 
 Carroll case, supra:
 

 “* * * Section 4612-1, General Code, which became effective after relator’s pension was allowed, applies only to pensions granted subsequent to its effective date. There is no doubt of the power- of the board to change by rule a gratuitous pension so as to suspend its payment during the time the pensioner is holding another position, the salary of which is paid from funds raised by taxation. ’ ’
 

 But, argues counsel in behalf of the relators who were granted pensions or disability benefits before 1937, Section 4612-4, General Code, pertaining to firemen, and Section 4628, General Code, relating to policemen, by their terms give to a retired fireman or policeman, as the case may be, who was awarded a pension or disability benefits, prior to 1937, the identical vested right to such pension or disability benefits as is enjoyed by those pensioned after the original “vested right” statutes took effect.
 

 Conceding, for the purposes of a decision in these cases, the validity of such argument as to the relators who were awarded pensions or disability benefits prior to 1937, their vested right to such pensions or dis
 
 *381
 
 ability benefits is subject to the express condition placed in the same statutes (Sections 4612-4 and 4628, Genera] Code), viz.:
 

 “No person shall be entitled to receive pension or disability payments pursuant to the provisions of this section while he is holding an elective or appointive full time salaried office or position in the service of the state or any political subdivision thereof.”
 

 Therefore, the group of relators first named above are entitled, in accordance with the previous judgments of this court, to the writs of mandamus prayed for, but the second group of four are not, and writs of mandamus must be denied as to them.
 

 Although the conclusion reached may at first blush seem unfair to the four relators in the second group, a contrary holding would require the overruling of several of the former decisions of this court, which we are unwilling to do, and the overriding of the statutes (Sections 4612-4 and 4628) and the rules of the trustees, adopted pursuant thereto.
 

 Judgments accordingly.
 

 Weygandt, C. J., Turner, Matthias, Hart, Sohngen and Stewart, JJ., concur.