Weygandt, C. J.
 

 The importance of the date of January 1, 1935, is due to the fact that, effective as of June 5, 1947, Section 486-47, General Code, was amended to read in part as follows:
 

 “Any other provisions of law notwithstanding,
 
 three
 
 years of contributing membership in this retirement system subsequent to the date that membership is established shall entitle a member to receive prior service credit for services prior to January 1,' 1935, in any capacity which comes within the provisions of the public employes retirement act, provided that such member has not lost membership at any time by the withdrawal of his accumulated contributions.” (Italics supplied.)
 

 These provisions were in effect nearly four months later when the relator made an application for retirement on September 26, 1947. The application was granted in part. The relator’s difficulty arises from the fact that he was a contributing member for a period less than the required three years — only one year and nine months — inasmuch as he voluntarily became a member on June 30, 1938, and held his last position of plumbing inspector for the city of Portsmouth, Ohio, until April 1, 1940.
 

 These circumstances would seem to prevent the allowance of the relator’s claim for a pension that would include a consideration of his service rendered prior to January 1, 1935. However, he insists that several additional facts are of sufficient importance to require a different result. He concedes that under the statute as it read when he resigned from his position on April 1, 1940, he was not entitled to credit for service rendered prior to January 1, 1935. But he contends that
 
 *111
 
 the status of the law at the time of his resignation in 1940 is not decisive of his pension rights, since he was given a five-year leave of absence at that time and a second in 1945. During his first leave of absence the statute was amended to provide that
 
 one
 
 year of contributing membership would entitle a member to receive credit for service rendered prior to January 1, 1935. While this provision was in effect the relator reached the retirement age of sixty years in 1946; but he did not choose to retire at that time. As previously noted, he waited until September 26, 1947, before making an application for retirement, and by that time the statute had been amehded to require
 
 three
 
 years instead of
 
 one
 
 year of prior service.
 

 In Section 12283, General Code, it is provided that the function of a writ of mandamus is to command the performance of an act which the law specially enjoins as a duty resulting from an office, trust or station.
 

 Under the circumstances of this case does the law specially enjoin a duty on the respondents to give the relator credit for his so-called prior service?
 

 It is interesting to observe that although the status of the relator was the same — on a leave of absence— at the times of the two statutory amendments, he insists that his rights are affected by the favorable amendment but not by the unfavorable one.
 

 The relator contends that the history and wording of these statutes disclose no intention on the part of the General Assembly to deny him credit for his prior service. There seems to be no basis for this contention. It is true, as suggested, that there has been a disposition on the part of the state to become more generous in the payment of pensions to its former employees, but this is not inconsistent with an occasional modification of the conditions considered neces
 
 *112
 
 sary to safeguard the pension system as its burden increases. Furthermore, in the 1947 amendment the General Assembly employed the unmistakable language that, in order to receive credit for prior service,
 
 three
 
 years of contributing membership are necessary, “any other provisions of law notwithstanding.” The meaning seems too clear to leave anything to mere inference concerning the legislative intent. And if the General Assembly did not intend to affect the relator’s rights by the unfavorable amendment of 1947, did it intend so to do by the favorable amendment of 1943? Logically it would seem that the intent was the same as to both amendments, viz., that both or neither of them should apply to future pensioners. In either event the relator would not be entitled to credit for prior service, since under one amendment he would be entitled to such credit, and under the other he would not.
 

 The relator’s final contention is that, even though the General Assembly intended the later, unfavorable amendment to affect his rights, such a result is impossible because he acquired a vested right under the earlier, favorable amendment. He seems to base this view on the fact that he reached the minimum retirement age of sixty years on February 21, 1946, while the earlier, favorable amendment was in effect. One difficulty with this contention is that he was not required to retire at that time, and he not only did not do so but he did not even file his application for retirement. Instead, he waited until more than a year and a half later when the later, unfavorable amendment was in effect, making necessary a minimum of
 
 three
 
 years of contributing membership.
 

 That the relator acquired no vested right under the earlier amendment is apparent from the decisions of this court in the cases of
 
 Mell et al., Trustees,
 
 v.
 
 State,
 
 
 *113
 

 ex rel. Fritz,
 
 130 Ohio St., 306, 199 N. E., 72;
 
 State, ex rel. Carroll,
 
 v.
 
 McCarthy,
 
 139 Ohio St., 654, 41 N. E. (2d), 863;
 
 State, ex rel. Lemperle,
 
 v.
 
 McIntosh et al., Trustees,
 
 145 Ohio St., 107, 60 N. E. (2d), 786; and
 
 State, ex rel. Cunat,
 
 v.
 
 Trustees of Cleveland Police Relief & Pension Fund,
 
 150 Ohio St., 377, 82 N. E. (2d), 743. But the situation in the instant case is simplified by the fact that, in contrast with the cited cases, the change in the requirements was made
 
 before
 
 the relator’s pension was granted and, furthermore, nearly four months before the application was filed. After the relator reached the minimum retirement age of sixty years he had a period of a year and three months within which to retire before the membership requirement was increased from one to three years. He did not do so but chose to remain on Ms extended leave of absence. In default of availing Mmself of this opportunity, he cannot now be heard to complain.
 

 Clearly under these circumstances the law enjoins no duty on the respondents to award the relator a pension based on Ms public service rendered before January 1, 1935, in addition to that rendered thereafter.
 

 The writ of mandamus must be denied.
 

 Writ denied.
 

 Matthias, Hart, Zimmerman, Stewart, Turner and Taet, JJ., concur.