WILLIAM D. RODDY, Respondent, v. LEWIS J. VALENTINE, as Police Commissioner of the City of New York, Appellant.

(Argued June 3, 1935; decided July 11, 1935.)

*Paul Windels, Corporation Counsel* (*Paxton Blair* and *Seymour B. Quel* of counsel), for appellant. The plaintiff's acceptance of his new office having occurred after the effective date of chapter 78 of the Laws of 1932, the statute may be applied to him without contravening the rule against retroactive constructions. Public policy favors the liberal construction of statutes aimed to prevent double payments from public funds in times of depression. (*Matter of McKinney* v. *McGoldrick,* 266 N. Y. 665; *Peterson* v. *Martino,* 210 N. Y. 412; *Heckmann* v. *Pinckney,* 81 N. Y. 211; *People ex rel. Devery* v. *Coler,* 173 N. Y. 103; *Matter of Friel,* 101 App. Div. 155; 181 N. Y. 558; *New York Central R. R. Co.* v. *White,* 243 U. S. 188; *People ex rel. Donovan* v. *Retirement Board,* 326 Ill. 579; *McCann* v. *Retirement Board,* 331 Ill. 193; *Gibbs* v. *Minneapolis Fire Department Relief Assn.,* 125 Minn. 174; *Head* v. *Jacobs,* 150 Ky. 290; *Matter of Price* v. *Farley,* 22 Ohio Cir. Ct. 48; *State ex rel. King* v. *Board of Trustees,* 192 Mo. App. 583; *State ex rel. Risch* v. *Board of Trustees,* 121 Wis. 44; *Lynch* v. *United States,* 292 U. S. 571; *Matter of Goodwin,* 57 Fed. Rep. [2d] 31.)

*Isidor Neuwirth* and *Edmund J. Pickup* for respondent. Section 32, added to the Civil Service Law (Cons. Laws, ch. 7), cannot by retroactive interpretation affect the rights of the plaintiff. (*Isola* v. *Weber,* 147 N. Y. 329; *O'Reilly* v. *Utah Co.,* 87 Hun, 406; *Town of Cherry Creek* v. *Becker,* 123 N. Y. 161; *Bronk* v. *Barckley,* 13 App. Div. 72; *Matter of Griffiths,* 16 Misc. Rep. 128; *Wingate* v. *Flynn,* 139 Misc. Rep. 779; 233 App. Div. 785; *Addis* v. *Selig,*

264 N. Y. 274; *McCann* v. *City of New York*, 52 App. Div. 358.)

CROUCH, J.   The Greater New York Charter (Laws of 1901, ch. 466, as amd.) by sections 351 *et seq.* makes provision for the creation and administration of a police pension fund.   The fund (§ 353) consists of moneys recruited from various sources, for the most part public, but includes two per centum of the monthly pay of each member of the police force deducted from his salary by the Comptroller and by him paid into the fund.   Section 355 provides, among other things, that any member of the force may upon his own written application and by order of the police commissioner, be retired from service and be granted an annual pension, to be paid from the fund, provided he is fifty-five years old and has served twenty years; and " pensions granted under this section shall be for the natural life of the pensioner, and shall not be revoked, repealed or diminished." (Amd. L. 1919, ch. 518; L. 1920, ch. 508; L. 1921, ch. 685.)   By the provisions of section 1560 of the charter, however, the payment of the pension may be suspended temporarily if the pensioner takes " office, employment or position under the state or city of New York or any of the counties included within said city." (Amd. L. 1923, ch. 266.)

On August 24, 1924, the plaintiff upon his own application was retired and was awarded a pension of $1,250 per annum.

The Laws of 1932, chapter 78, added to the Civil Service Law (Cons. Laws. ch. 7) a new section (§ 32) which provides that if any person subsequent to his retirement from the civil service of the State or of any municipal corporation or political subdivision of the State, shall accept any office, position or employment on and after July 1, 1932, to which any salary or emolument is attached in the civil service of the State or of any municipal corporation or political subdivision of the

State (with certain exceptions not material here), any pension awarded to him upon retirement shall be suspended during such employment.

From August 7, 1932, to December 31, 1933, the plaintiff was employed as chief of police of the city of Long Beach, New York. During that period payment of the plaintiff's pension was suspended. This action was brought to recover the unpaid amount. The sole question is whether section 32 of the Civil Service Law affects the plaintiff's right to his pension during the time he was employed by the city of Long Beach.

The concept embodied in the word pension has developed far beyond the original idea of a bounty or gratuity, " springing from the appreciation and graciousness of the sovereign," granted in recognition of meritorious past services. One has but to examine the statutes of our own State (*e. g.*, Civil Service Law, arts. 4, 5 and 6; Education Law [Cons. Laws, ch. 16], art. 43-B) to appreciate the extent of the development. Necessarily there has come with that development changed theories relating to the nature of the rights and obligations under pension statutes both of civil servants and of the government. In an attempt at legal classification of the relation, the courts have come to widely varying results. (Cf. *Ball* v. *Board of Trustees*, 71 N. J. L. 64; *State ex rel. Risch* v. *Board of Trustees*, 121 Wis. 44.) Where the statutory scheme creates a fund wholly or largely out of public moneys, the interest of the member down to the point where there has been compliance with all precedent conditions and the award has been or as of right should have been made, can hardly be deemed contractual. There has been a suggestion that it is quasi-contractual. (40 Harvard Law Review, 504, 505.) In *Pennie* v. *Reis* (132 U. S. 464, 471) it is called " a mere expectancy created by the law." But whatever its legal nature may be, there seems to be no doubt that it is subject to change or even to revocation at the will of the Legislature. (*People ex rel. Devery*

v. *Coler*, 173 N. Y. 103; *Pennie* v. *Reis, supra; Matter of Friel*, 101 App. Div. 155; affd., 181 N. Y. 558.)

Where, however, the statutory conditions for retirement existing when application is made have been met and the award of the pension or benefit has been made, or as of right should have been made (*Matter of O'Brien* v. *New York State Teachers' Retirement Board*, 215 App. Div. 220; affd., 244 N. Y. 530), the interest becomes vested and takes on the attributes of a contract, which in the absence of statutory reservations, may not legally be diminished or otherwise adversely affected by subsequent legislation. (*Pennie* v. *Reis, supra; People ex rel. Mulvey* v. *York*, 41 App. Div. 419; *Klench* v. *Board of Pension Fund Comrs.*, 79 Cal. App. 171, and cases therein cited.) All the reasons of policy which underlie and justify pension legislation in general — the efficiency and morale of departmental service, social protection and social justice — support the conclusion of the last cited and many other similar cases and afford adequate ground for the decisions. We need not strain for a legal classification.

We may concede an incongruity in plaintiff's drawing a pension as a retired policeman and at the same time a salary as an active policeman in a neighboring city. That, however, was a right granted, or at least not denied to him under section 1560 of the charter, when he retired. We take the statute as we find it.

The judgment should be affirmed, with costs.

CRANE, Ch. J., LEHMAN, O'BRIEN, LOUGHRAN and FINCH, JJ., concur; HUBBS, J., not sitting.

Judgment affirmed, etc.