SAMUEL WEINSTEIN, Plaintiff, v. JOHN J. MCELLIGOTT, as Trustee of the New York Fire Department Relief Fund, Defendant.

Second Department, March 6, 1939.

*Joseph W. Gottlieb* [*I. Louis Kottler* with him on the brief], for the plaintiff.

*Alan M. Stroock* [*William C. Chanler, Corporation Counsel,* and *Paxton Blair* with him on the brief], for the defendant.

ADEL, J. This is a submission of controversy upon an agreed statement of facts. The sole question is whether chapter 273 of the Laws of 1935 may validly exempt the funds in the defendant's hands from the claims of pre-existing creditors where the pensioner has retired and his pension award has been made after the enactment of the statute.

In November, 1934, the plaintiff obtained a judgment against a fireman attached to the fire department of the city of New York. On January 1, 1936, the fireman retired and has since been receiving a pension of $83.33 monthly from the New York fire department relief fund; and it is conceded that the pension will continue for life. On June 24, 1938, a garnishee order and execution under the judgment were issued directing the defendant to deduct ten per cent from the pension due the fireman. Relying on the provisions of the statute, which provides that pensions paid to retired New York city firemen are exempt from execution, the defendant has refused to make the deductions ordered.

The statute, section 791-a of the Greater New York Charter, added by chapter 273 of the Laws of 1935, provides: " The money, securities and effects of the fire department pension fund, and all pensions granted and payable from said fund shall be and are exempt from execution and from all process and proceedings to enjoin and recover the same by or on behalf of any creditor or person having or asserting any claims against a debt or liability of, any pensioner of said fund."

The act became effective upon its approval, April 1, 1935. Plaintiff claims that this statute cannot deprive him of the right to enforce the judgment obtained upon an obligation existing before the effective date of the statute. The defendant's position is that the fireman at the time of the enactment of the exemption statute had no right to the pension that could not be diminished or extinguished by the Legislature; that is, before the fireman retired he had no relation to the fund whereby he could compel payment of a pension upon retirement. This contention finds support in authority. (*Roddy* v. *Valentine*, 268 N. Y. 228, 231.) It is urged, therefore, that the judgment creditor at the time of the enactment of the statute had no greater right in the fund than the fireman had, and the exemption statute prevents execution upon the pension subsequently awarded. Conceding this to be so, determination of the problem is found in other reasoning.

It is well established that a judgment creates an obligation of the highest nature known to the law, and the law implies the promise of the judgment debtor to perform it. (*Livingston* v. *Livingston*, 173 N. Y. 377, 382.) It is also settled law that the right to enforce payment of a judgment is a property right (*Gilbert* v. *Ackerman*, 159 N. Y. 118), which it is beyond the power of a statute to destroy, and that the impairment of a means of enforcing a judgment is impairment of the contract obligation. (*Danks* v. *Quackenbush*,

1 N. Y. 129; *Brearley School* v. *Ward,* 201 id. 358; *Addiss* v. *Selig,* 264 id. 274; *Edwards* v. *Kearzey,* 96 U. S. 595.)

In *Sturges* v. *Crowninshield* (17 U. S. [4 Wheat.] 122) it was held that any statute which has the effect of exempting the property of a debtor, even though subsequently acquired, from the claims of pre-existing creditors, is invalid as an infringement of the contract between the creditor and his debtor, whereby the latter impliedly promises to devote to the payment of the debt not only whatever property he possesses, but also all other property later acquired. (See, also, *Bank of Minden* v. *Clement,* 256 U. S. 126; *Worthen Co.* v. *Thomas,* 292 id. 426.)

The plaintiff recovered a judgment against the fireman on November 20, 1934. The exemption statute became effective April 1, 1935. The judgment debtor acquired property on January 1, 1936, consisting of the right in the pension fund which vested in him on that day. To deny the judgment creditor the privilege of applying this property toward satisfaction of the judgment is to impair the means of enforcing the judgment. In so far as a statute seeks to accomplish that result it is invalid. It is obvious, therefore, that the exemption statute herein, literally followed, would impair the obligation of the contract which existed prior to the enactment of the statute. In that aspect the statute is without force and invalid.

Upon the agreed statement of facts, judgment should be directed for the plaintiff, without costs.

LAZANSKY, P. J., JOHNSTON and TAYLOR, JJ., concur; CARSWELL, J., concurs in result.

Judgment unanimously directed for the plaintiff, without costs.