FREYERMUTH ET AL. *v.* STATE EX REL. PINTER ET AL.

[No. 27,176. Filed June 29, 1939. Rehearing denied October 11, 1939.]

*George Sands*, for appellants.

*Hammerschmidt & Johnson*, for appellees.

FANSLER, C. J.—The appellees brought this action against the appellants to procure a mandate for the payment of certain sums claimed to be due the appellees as part of their pension as retired policemen of the city of South Bend. There was a judgment for the appellees after a demurrer was sustained to an affirmative answer by the appellants and their refusal to plead further. Error is assigned upon the ruling on the demurrer.

The appellees are all retired members of the South Bend city police force. The answer alleges that the Board of Trustees of the South Bend Police Pension Fund had regularly awarded pensions to each of them in the sum of $102 per month, which amount was regularly paid until the 6th day of April, 1933. The appellees had been retired from active service by reason of con-

tinuous service for a period of twenty-five years or more. In April, 1933, there were thirty-nine persons entitled to receive pensions for that month, and the board of trustees did not have available in the pension fund sufficient cash to pay all of the pensions in full by reason of the fact that more than $20,000 of its funds were on deposit in a closed bank, and more than $100,-000 invested in Barrett Law Improvement Bonds and other municipal bonds for which there was no market at par and for which the market was very much depressed, so that a sale thereof for the purpose of procuring cash would involve a large sacrifice of principal. In view of this situation, the board invited the appellees to a conference, which they attended and at which the facts concerning the condition of the fund were placed before them. It was represented to appellees that they had an interest in the conservation of the fund, and that a sale of securities in order to realize cash would result in great damage to them and to the fund. The board proposed that it would either sell bonds to raise money to pay appellees' pensions in full, or that it would deliver to the appellees bonds at par in payment of their pensions, or, if they did not wish to agree to these alternatives, it would reduce their pensions. The appellees did not wish to accept bonds and did not wish to have them sold at a sacrifice to the injury of the fund, and proposed, as recited in appellants' answer, "that in order to avoid a sale of said bonds, they would accept a reduction in their pension from One Hundred Two ($102.00) Dollars per month to the sum of Ninety-one and 80-100 ($91.80) Dollars per month for a period until such time as in the judgment of said Board said decrease could be restored . . ." The board accepted this proposal. Accordingly, the appellees were paid the reduced compensation from the 6th day of April, 1933, to the 15th day of June, 1937, at which time the board resumed

payments in the full amount, the financial situation of the fund at that time warranting the restoration. The purpose of this action is to require the board to pay the total amount of the reductions withheld, amounting to $540.60 for each of the appellees. The question in controversy is whether the amount of the deductions is due the appellees.

The powers of the pension board are defined and strictly limited by the terms of the law. The act provides that pensions shall be paid to retired policemen who have served a certain length of time, and certain minimum amounts are fixed, with an alternative that the board may at the time of retirement fix compensation for retired first-class policemen who have served twenty-five years at not exceeding 60 per cent of their salaries at the time of retirement. There is no provision authorizing the board to reduce pensions once fixed except in two instances. In section 48-6403 Burns' Ind. St. 1933, §11819 Baldwin's Ind. St. 1934, it is provided that the board shall have "the power to reduce or terminate temporarily or permanently any such payment to any dependent relative of a deceased officer, when in its judgment the condition of the pension fund or any other circumstances may warrant or render necessary," and in section 48-6405 Burns' Ind. St. 1933, §11821 Baldwin's Ind. St. 1934, it is provided that, whenever any person receiving benefits from the fund shall be convicted of a felony or become an habitual drunkard or shall fail to report for duty or fail to comply with other legal requirements imposed by the board, the board may upon notice "discontinue or reduce in its discretion any payments that might otherwise accrue thereafter . . ." The express granting of power to reduce pensions in these specified instances precludes the conclusion that it was intended that the

board should have power to reduce pensions under any other circumstances.

But the answer does not assert that the pension was arbitrarily reduced. It alleges an agreement between the parties for a reduction. The appellees had an interest in the preservation of the fund, which was a sufficient consideration for a voluntary agreement that their pensions should be reduced. The pensioners had a vested right to be paid in full so long as there was a fund, or assets out of which funds could be made, out of which to pay. But they had an undoubted right to make voluntary concessions, if they deemed it in their interest to do so, in order that the securities in which the fund was invested might be preserved and the value of the fund safeguarded. The language of the agreement described in the answer is somewhat ambiguous. Does it mean, as contended by the appellants, that payments in the full amount will be resumed when funds are available, or does it mean, as contended by the appellees, that the amunt of the deductions will be paid when the cash condition of the fund permits? Although there may be some difficulty involved in arriving at the intention of the parties, we feel that it must be concluded that the agreement did not contemplate partial payments until such time as full payment can be made, but that it contemplated a reduction in the amount due each month until such time as the pension might be restored to its original basis. The conclusion cannot reasonably be avoided that the payments of $91.80 each month were full payments, and not partial payments. The appellees' action is based upon the theory that the payments were partial, and that the difference between the amount paid each month and the original pension is due. In view of our interpretation of the contract, the facts alleged in the answer constituted a complete defense.

Judgment reversed, with instructions to overrule the demurrer to appellants' answer, and for further proceedings not inconsistent herewith.

Tremain, J., absent.