Zimmerman, J.
 

 In .1947, the General Assembly amended Section 4612-4, General Code, relating to benefits and pensions for firemen, and Section 4628, General Code, relating to benefits and pensions for policemen, the effective date of each of such amendments being September 25, 1947. Both of such sections as amended close with the following language:
 

 “No person shall be entitled to receive pension or disability payments pursuant to the provisions of this section while he is holding an elective or appointive full time salaried office or position in the service of the state or any political subdivision thereof.”
 

 Section 4612-1, General Code, passed in 1937 (117 Ohio Laws, 30), amended in 1939 (118 Ohio Laws, 286),
 
 *480
 
 and appearing under the heading “Firemen’s Pension Fund,” reads in part:
 

 ‘ ‘ The granting of relief or pension to any person or persons pursuant to the rules adopted by the trustees shall operate to vest a right in such person or persons to obtain and receive the amount fixéd by the board of trustees. ’ ’
 

 Section 4628-1, General Code, enacted in 1937 and appearing under the heading “Police Eelief Fund,” provides:
 

 ‘ ‘ The granting of a pension to any person hereafter pursuant to the. rules adopted by the trustees shall operate to vest a right in such person, so long as he shall remain the beneficiary of such pension fund, to receive such pension at the rate so fixed at the time of granting such pension.”
 

 In recent years this court has decided several cases with respect to pension awards to those who had been engaged in public service. See
 
 Mell et al., Trustees,
 
 v.
 
 State, ex rel. Fritz,
 
 130 Ohio St., 306, 199 N. E., 72;
 
 State, ex rel. White, Gdn.,
 
 v.
 
 City of Cleveland,
 
 135 Ohio St., 13, 18 N. E. (2d), 807;
 
 State, ex rel. Carroll,
 
 v.
 
 McCarthy,
 
 139 Ohio St., 654, 41 N. E. (2d), 863;
 
 State, ex rel. Lemperle,
 
 v.
 
 McIntosh et al., Trustees,
 
 145 Ohio St., 107, 60 N. E. (2d), 786;
 
 State, ex rel. Hall,
 
 v.
 
 Bd. of Trustees, ante,
 
 367.
 

 The
 
 Mell case,
 
 decided in 1935, announced that, even where a pensioner has made compulsory contributions to a pension fund, the pension granted him by public authorities is a gratuity and does not partake of a vested or contractual right; wherefore “an existing board of trustees of a pension fund has discretionary power to modify pension awards theretofore made by it or by predecessor boards, by increasing or reducing the amount thereof, provided the same is done reasonably and not arbitrarily.”
 

 
 *481
 
 Subsequent to such decision and patently to change the rule established thereby, the General Assembly passed the “vested right” statutes.
 

 Beferring to Section 4628-1, General Code, Judge Williams spoke as follows in
 
 the Lemperle case, supra:
 

 “A pension, granted after the statute took effect, is vested insofar as the power of the trustees is concerned. The provision deprives the trustees of power to take away or impair the right to a subsequently granted pension but does not affect the trustees’ right to pass rules altering pensions previously granted.”
 

 The pivotal question in the instant cases is whether those parts of Sections 4612-4 and 4628, General Code, quoted above, operate, or can be applied by the pension-fund trustees, to deprive these relators of the pensions which were granted them after the “vested-right” statutes took effect and before the quoted language from Sections 4612-4 and 4628, General Code, and the rules adopted by the trustees pursuant thereto became effective.
 

 Although the
 
 Mell case, supra,
 
 placed pensions granted to public servants in the category of “gratuities,” a number of cases from other jurisdictions take the position that pensions awarded public employees should not be regarded as gratuities or bounties, but as a consideration for services which were not fully recompensed when rendered; and that the contributions made by governmental units to such pension funds accomplish the.purposes of bringing about better and more efficient service, of improving the quality and morale of public employees, of attracting competent persons to public service and of retaining faithful and experienced employees who otherwise might seek more lucrative and promising work.
 

 Doubtless the considerations outlined just above were responsible, in a measure at least, for the enact
 
 *482
 
 ment of the “vested right” statutes, and the effect of those statutes is to make the engagement pf public authorities to pay a pension, upon conditions fulfilled, a contractual obligation founded upon a valid consideration, giving to the pensioner a vested right in his pension which cannot afterwards be impaired or revoked.
 

 The cases of
 
 Retirement Board of Allegheny County
 
 v.
 
 McGovern et al., Commrs.,
 
 316 Pa., 161, 169, 174 A., 400, 404 and
 
 David
 
 v.
 
 Veitscher Magnesitwerke Actien Gesellschaft,
 
 348 Pa., 335, 346, 35 A. (2d), 346, 351, are authority for the proposition that, “until an employee has earned his retirement pay, or until the time arrives when he may retire, his retirement pay is but an inchoate right; but when the conditions are satisfied, at that time retirement pay becomes a vested right of which the person entitled thereto cannot be deprived; it has ripened into a full contractual obligation.”
 

 In
 
 Roddy
 
 v.
 
 Valentine, Police Commr.,
 
 268 N. Y., 228, 232, 197 N. E., 260, 262, the court said:
 

 “Where, however, the statutory conditions for retirement existing when application is made have been met and the award of the pension or benefit has been made, or as of right should have been made, * * * the interest becomes vested and takes on the attributes of a contract, which in the absence of statutory reservations, may not legally be diminished or otherwise adversely affected by subsequent legislation.”
 

 In 162 A. L. R., annotation at page 1475, the comment is made:
 

 “The authorities are not in accord regarding the question whether a pension granted by the public authorities is a gratuitous allowance in the continuance of which the pensioner has no vested right, or whether such pension belongs to the grantee as a matter of
 
 *483
 
 right which, once granted and allowed, cannot thereafter be divested. * * *
 

 “Generally speaking, it seems that a statute creating the pension makes it a vested right in cases where' the contingency upon which the pension was to be payable has happened or where all the conditions have been fulfilled entitling the person in question to a pension, so that a later law providing for a suspension of the pension during the time a retired public officer or employee re-enters public employment cannot deprive such officer or employee of his pension already granted.”
 

 Representative cases supporting the quoted text are
 
 Roddy
 
 v.
 
 Valentine, Police Commr., supra,
 
 and
 
 McBride
 
 v.
 
 Allegheny County Retirement Board,
 
 330 Pa., 402, 199 A., 130. Compare
 
 Franklin
 
 v.
 
 Mayor,
 
 and
 
 Aldermen of Savannah,
 
 199 Ga., 426, 34 S. E. (2d), 506 and
 
 State, ex rel. Carroll,
 
 v.
 
 McCarthy, supra.
 

 Upon the basis of what has been said and the authorities cited, we have come to the conclusion that all the relators ,(who were awarded their pensions upon retirement after the “vested right” statutes became law and before the effective date of the statutes and rules suspending the payment of pensions to pensioners who re-enter public employment) have acquired a vested right to the pensions granted them which cannot be taken away or adversely affected by subsequent legislation or rule.
 

 Therefore, writs are hereby issued in
 
 relatorsf
 
 favor restoring them to the pension rolls of the pension fund from which they were removed, with the payment to them of the amounts to which they may properly be entitled from September 24, 1947.
 

 Writs allowed.
 

 Weygandt, C. J., Matthias, Hart, Sohngen and Stewart, JJ., concur.