KLAMM ET AL. *v.* STATE OF INDIANA EX REL. CARLSON

[No. 29,262. Filed May 6, 1955. Rehearing denied March 28, 1956.]

*Jay E. Darlington,* of Hammond, for appellants.

*Alfred H. Highland,* of Hammond, *William S. Isham,* of Fowler, *Wilbur Dassel,* of Evansville, *Peters & Highland* (of counsel) of Hammond, and *Dan C. Flanagan,* of Fort Wayne, on rehearing, for appellee.

LEVINE, J.—Relator-appellee Carlson, a retired policeman of Hammond, brought this mandate action against the defendants-appellants, as the Board of Trustees of the Police Pension Fund of the City of Hammond, to

compel the Board to pay him an increased pension on a basis of 50 per cent. of the currently increasing salaries of active policemen, whereas the Board has paid him a pension of 50 per cent. of the lower salary in effect at the time he retired in 1943, and refused to pay the increase.

The trial court mandated appellants herein to pay this increased pension, and hence this appeal.

The question presented is the construction of Indiana's Police Pension Act (Acts of 1931, ch. 58, §1, cl. 3, p. 139), being Burns' 1950 Replacement, §48-6403 (3). This matter cannot be decided on sentiment as to whether retired policemen should get pension increases—that is a matter of public policy for the Legislature. It is only within the province of this court to construe the statutes by which such public policy has been declared by the Legislature. The question presented is whether a policeman who has voluntarily retired after twenty years of service, and has once filed his application for a pension equal to 50 per cent. of a first-class patrolman's pay at the time the application was made, "can file a new application each time such first class patrolman's pay is increased and thereby obtain an increased pension payment."

The constitutionality of statutes establishing a pension system has been sustained by our courts on the grounds that the primary object is public, not private, interest; that the annuities are in the nature of compensation for services previously rendered. It virtually is pay withheld to induce long continued service. Its purpose is to hold out to those who adopt such service as a career some asurance of income upon retirement because of age or disability. This is an expectation that more competent persons will be attracted to such positions. *State ex rel. Clemens* v. *Kern* (1939), 215 Ind. 515, 20 N. E. 2d 514, 21 N. E.

2d 141; *Sommers* v. *Patton* (1948), 399 Ill. 540, 78 N. E. 2d 313.

This court has held that:

> " 'The purpose of the pension act is beneficial, and statutes of that character should be liberally construed in favor of those intended to be benefited.' " *State ex rel. Bolden* v. *Johnstone* (1937), 211 Ind. 281, 285, 6 N. E. 2d 706, 709; *State ex rel. Clemens* v. *Kern* (1939), 215 Ind. 515, 20 N. E. 2d 514, 21 N. E. 2d 141, *supra*.

While the police pension fund here in question is accumulated by taxation, by contributions, and awards of various sorts, and by enforced contribution by members of the police force, the great weight of authority holds that such pensions are gratuities; that they involve no agreements of the parties and create no vested rights, notwithstanding compulsory contributions from the member's pay. Until retirement, the police officer has no vested right in pension payments. *Kern, Mayor,* v. *State ex rel. Bess* (1937), 212 Ind. 611, 10 N. E. 2d 915; *Jensen* v. *Pritchard* (1950), 120 Ind. App. 439, 90 N. E. 2d 518, 91 N. E. 2d 846; *Pennie* v. *Reis* (1889), 132 U. S. 464, 10 S. Ct. 149, 33 L. Ed. 426; *Roddy* v. *Valentine* (1935), 268 N. Y. 228, 197 N. E. 260; *Stiles* v. *Board of Trustees* (1917), 281 Ill. 636, 118 N. E. 202; 54 A. L. R., Ann., 943; 98 A. L. R., Ann., 505.

Where the statutory conditions for retirement existing when the application is made have been met, and the award of the pension has been made, or as of right should have been made, the pensioner's interest becomes vested and takes on the attributes of a contract, which, in the absence of statutory reservations, may not legally be diminished or otherwise adversely affected by subsequent legislation. *Pennie* v. *Reis* (1889), 132 U. S. 464, 10 S. Ct. 149, 33 L.

Ed. 426, *supra; Freyermuth et al.* v. *State ex rel. Pinter* (1939), 215 Ind. 693, 21 N. E. 2d 707; *Roddy* v. *Valentine* (1935), 268 N. Y. 228, 197 N. E. 260, *supra; Klench* v. *Board of Pension Fd. Commrs.* (1926), 79 Cal. App. 171, 249 P. 46; *State, ex rel.,* v. *Trustees* (1948), 149 Ohio St. 477, 79 N. E. 2d 316, 150 Ohio St. 377, 82 N. E. 2d 743.

The statute herein in question specifically provides that a policeman, after making his application in writing to the Board, stating that he has been retired from such police force, shall receive the sum of 50 per cent. per month of such salary as is at the time of such application paid to a first-class patrolman. There is no provision in the statute that one's pension shall vary as the salaries of those on active duty vary. The language of the statute does not permit an interpretation that the Legislature intended that the amount paid was to fluctuate. Such an interpretation would likewise call for a decrease in payment when the salary of patrolmen was decreased. We believe that the language, "is at the time of such application paid to a first class patrolman," refers, in so far as one already on retirement is concerned, to the time the application of "election" is filed with the Board, and not to the time he originally made his application to retire. A liberal construction must be placed on pension laws, as above stated, and it is a rule of statutory construction that a proviso must be read and considered in connection with the section of which it is a part. *Hasse* v. *Bielefeld, Treas.* (1926), 197 Ind. 498, 150 N. E. 413.

It is therefore our opinion that but one application may be made by one on retirement and who had acquired a pension status prior to the passage of the act and the adoption of such resolutions by the Board of Trustees as required by the act.

The legalizing act passed by the Legislature (Acts of 1949, ch. 4, §1, p. 6) tends to show the legislative intent, as above interpreted, by relieving from liability, on account of overpayments, all police pensions to the time of the passage of that act. The act did not legalize or validate future overpayments. It was not an amending act, nor does the title make it so. The interpretation of the 1931 act adopted by appellee and the trial court was based on a theory that retired policemen have a right to file successive "applications for increased pensions" if salaries go up. This reads into the act obligations against pension trust funds and the taxpayers and leads to illogical and unjust results, and thereby reads into the statute more than was intended by the Legislature. *Schock et al.* v. *Chappell* (1952), 231 Ind. 480, 109 N. E. 2d 423.

Judgment reversed, with instructions to enter judgment for appellants.

Henley, C. J., and Achor, Bobbitt, and Emmert, JJ., concur.

Note.—Reported in 126 N. E. 2d 487.