Regis O’Brien, J.
This is an article 78 proceeding.
Petitioner was appointed to the Buffalo Police Department on November 22,1918.
On June 25,1935 he was granted a disability pension, according to the provisions-of the City Charter.
At the time petitioner entered the service of the city, and at the time of his being granted a disability pension, the granting of the benefits of a pension were considered as being in the nature of a gratuity by the city and did not constitute a ‘1 vested interest in the nature of a contract ” (Matter of Day v. Mruk, 307 N. Y. 349, 353-354).
In 1938, section 7 of article V was added to the Constitution of the State. Its effective date was January 1, 1939 except as otherwise provided in section 1 of article XX which delayed its effective date to July 1, 1940 in order to give the State and its political divisions an opportunity to review and revise existing pension systems, which after the effective date of July 1, 1940, ‘ ‘ the members of pension systems * * * acquired vested interests which could not thereafter be diminished or impaired.” (Matter of Day v. Mruk, supra, p. 354; emphasis mine.)
The courts had held, however, that pension rights that had been granted prior to July 1, 1940 under existing pension provisions like those appearing in the Charter of the City of Buffalo, had become vested. (Roddy v. Valentine, 268 N. Y. 228; Matter of Day v. Mruk, supra.)
Prior to and at the time of the granting of the petitioner’s disability pension, the Charter of the City of Buffalo provided *440 in section 469, in part, as follows: ‘1 The pension of any retired member shall be suspended during any period that he shall be employed by the federal government or any state or any municipal corporation ”.
A similar right of the suspension of the payment of pension benefits had been given by the Legislature to municipalities by the enactment of section 32 of the Civil Service Law (L. 1932, ch. 78).
That section specifically provides that after July 1,1932 there shall be a suspension of any pension payments by any municipal corporation to any person, who subsequent to his retirement “ shall accept any office, position or employment * * * to which any salary or emolument is attached in the civil service of the state or any municipal corporation or political subdivision ”.
Although section 32 was repealed in 1959 (L. 1958, ch. 790) the provisions relative to the right of suspension by municipalities were continued in the recodified Civil Service Law, as section 150.
It is immaterial that the petitioner was never in the State Retirement System, as the Civil Service Law covers municipal employees.
It appears also, that section 469 of the Buffalo Charter was in effect prior to and at the time the petitioner’s disability pension was granted on June 25,1935.
That section provided in part, as follows: 11 The pension of any retired member shall be suspended during any period that he shall be employed by the federal government or any state or any municipal corporation or by any federal, state or city commission, board or agency or hold any office ■ therein or connected therewith.”
The above-quoted provision remained in the charter until July 1, 1940 when the section was amended. While the amendment provides for the suspension of a pension payment, it makes it applicable only to a member of the pension system who has been charged with a crime in an indictment; or charged with a dereliction of duty, in which cases the suspension continues while the matter remains undetermined.
It thus appears that at the time the petitioner was granted a disability pension there were two laws permitting suspension of the pension payments, under applicable conditions.
According to the facts herein, on or about October 1, 1951 the petitioner accepted employment as a Building Inspector of the Town of Orchard Park, New York, whereupon the- Board of Pensions (respondent) suspended payment of the petitioner’s pension payments.
*441 The petitioner held the position until December 31, 1962.
During the time of said employment the Town of Orchard Park paid petitioner a yearly compensation amounting to $1,800 in 1951 and increasing yearly thereafter, until 1962 when he received $5,400.
No protest of any kind appears to have been made by the petitioner against the suspension of his pension payments.
On or about March 29,1963 the petitioner submitted an application to the respondent board for the reinstatement of his pension and the payment of the sum of $1,125 yearly which had been withheld during the period from October 1, 1951 to December 31, 1962.
The board referred the matter to the Corporation Counsel for his advice as to the legality of the claim. It did not act in a capricious or arbitrary manner. Later it received advice from the Corporation Counsel, that the pensioner is not entitled to recover pension payments during the period of employment after his retirement.
The board thereupon adopted a resolution denying petitioner’s application for the pension payment that had been withheld and directed that the petitioner be so advised.
Thereafter this article 78 proceeding was commenced and made returnable May 16, 1963. Meanwhile the petitioner’s pension payments had been reinstated as of January 1,1963.
Counsel informed the court on the argument that they were submitting the case solely on the question of law, as there was no dispute as to the facts.
In view of all of the foregoing, the court has concluded that the application of the petitioner should be, and it is denied and the petition dismissed.