**James L. HAVERSTOCK and Gary Cooper, on behalf of themselves and all other persons similarly situated as members of various local governmental departments of fire and police, Tom Trathen, Plaintiffs-Appellants,**

v.

**STATE of Indiana PUBLIC EMPLOYEES RETIREMENT FUND, Defendant-Appellee.**

No. 2–585A160 [1].

Court of Appeals of Indiana, First District.

March 20, 1986.

Rehearing Denied May 12, 1986.

Judge.

John C. Ruckelshaus, Ruckelshaus, Roland, Hasbrook & O'Connor, T. Reg Hesselgrave, Richard A. Mann, Cohen & Mann, Indianapolis, for plaintiffs-appellants.

Linley E. Pearson, Atty. Gen., Michael Schaefer, Deputy Atty. Gen., Indianapolis, for defendant-appellee.

RATLIFF, Judge.

### STATEMENT OF THE CASE

Appellants appeal from the entry of summary judgment by the Marion Superior Court in favor of the Public Employees' Retirement Fund. We affirm.

## FACTS

Appellants are police officers and firefighters who began their employment after May 1, 1977, and prior to May 25, 1977. At the time they were hired, the applicable pension fund plans would have permitted them to collect benefit payments after 20 years of service. *See* Indiana Code sections 19–1–18–13(a), 19–1–37–11(c) (Burns 1974). On May 25, 1977, however, new pension fund plans were enacted. These plans both contained the following provision:

"Sec. 8. Retirement; Eligibility for Benefits. (a) A member is eligible for retirement after he has completed twenty (20) years of active service.

(b) Benefit payments to a retired member begin on the first day of the month on or after the date he reaches age fifty-five (55) or retires, whichever is later."

Acts 1977 (Special Session), P.L. 9, sec. 1 p. 109 (entitled 1977 Police Officers' Pension and Disability Fund) and Acts 1977 (Special Session), P.L. 9, sec. 2 pp. 117–118 (entitled 1977 Firefighter's Pension and Disability Fund).[2] By express provision, police officers and firefighters hired after May 1, 1977, were made members of the new pension plan.[3]

On December 31, 1980, James L. Haverstock, a Bloomington police officer, and Gary Cooper, a Wabash firefighter filed a complaint in the Marion Superior Court. They sought a declaratory judgment determining that the new pension plan could not be applied retroactively to those officers and firefighters hired prior to the date of its enactment, May 25, 1977. Furthermore, they sought certification as a class action pursuant to Indiana Rule of Procedure, Trial Rule 23, which the trial court later granted.[4] On March 1, 1985, following submission of briefs, but without the benefit of an evidentiary hearing, the trial court granted summary judgment in favor of the Public Employees' Retirement Fund (PERF). The court found that the pension plan was mandatory and therefore a gratuity from the state creating no contractual rights. Consequently, the court concluded, the retroactive effect of the new pension plan did not violate any rights possessed by the appellants. Subsequently, appellants perfected this appeal.

## ISSUE

Whether the legislature may determine that a public employee will be enrolled as a member of a pension plan enacted after the date his employment commenced.

## DISCUSSION AND DECISION

Before we venture into the merits of this appeal, it is necessary to once again set out our standard for reviewing grants of summary judgment. That standard is the same one applied by the trial court in the first instance. *See* Indiana Rules of Procedure, Trial Rule 56(C). Summary judgment is

---

**2.** The two plans have since been combined in the 1977 Police Officers' and Firefighters' Pension and Disability Plan which contains a provision identical to the one set out above. *See* Indiana Code section 36–8–8–10 (Burns 1984). Hereinafter, we will refer to this plan simply as "the new pension plan."

**3.** Due to the existence of an emergency, these provisions were made effective retroactively to May 1, 1977. *See* P.L. No. 9, sec. 16 p. 136.

**4.** On February 22, 1984, several Indianapolis Police Department Officers sought designation as a subclass pursuant to Indiana Rules of Procedure, Trial Rule 23(C)(4)(b). The record does not contain an order granting this motion. However, these officers have been permitted to act as a subclass throughout the proceedings. They have filed a separate motion to correct error, praecipe, pre-appeal statement, and appellate brief. We perceive no need, however, to distinguish between the original class and the subclass here. Thus, both will be referred to collectively as "appellants" throughout this opinion.

appropriate only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Wingenroth v. American States Insurance Co.* (1983), Ind.App., 455 N.E.2d 968, 969; *Nahmias v. Trustees of Indiana University* (1983), Ind.App., 444 N.E.2d 1204, 1206, *trans. denied; English Coal Co. v. Durcholz* (1981), Ind.App., 422 N.E.2d 302, 207, *trans. denied.* Both parties agree that the essential facts underlying this appeal are not in dispute. Consequently, our task is merely to determine whether the trial court correctly applied the law when it granted judgment in favor of PERF.

■ It is fundamental law that the power to enact statutes necessarily entails the power to repeal or modify them. *Hamilton County Council v. State ex rel. Groff* (1949), 227 Ind. 608, 613, 87 N.E.2d 810, 812; *Wencke v. City of Indianapolis* (1981), Ind.App., 429 N.E.2d 295, 297, *trans. denied.* This power is not absolute however. Except in very limited situations, both the United States and Indiana constitutions prohibit the retrospective application of legislation if it will result in the impairment of contractual obligations. U.S. Const. art. I, sec. 10; Ind. Const. art. I, sec. 24; *Wencke*, at 297; *Foley v. Consolidated City of Indianapolis* (1981), Ind. App., 421 N.E.2d 1160, 1167, *trans. denied; Corn v. City of Oakland City* (1981), Ind. App., 415 N.E.2d 129, 131; *Etherton v. Wyatt* (1973), 155 Ind.App. 440, 454, 293 N.E.2d 43, 51. As this court stated in *Foley*, however:

"In order for a right to vest or a liability to be incurred it must be 'immediate, absolute, complete, unconditional, perfect within itself and not dependent upon a contingency.' *E.g., Martin v. Simplimatic Engineering Corp.,* (1979) Ind.App., [181 Ind.App. 10] 390 N.E.2d 235, 237, quoting *Parr v. Paynter,* (1922) 78 Ind.App. 629, 643, 137 N.E. 70, 71. Moreover, it is well settled 'a mere expectance of a future benefit, or a contingent interest in property founded on anticipated continuance of existing laws, does not constitute a vested right.' 16 C.J.S. *Constitutional Law* sec. 215 at 1174–75 (1956) (Footnotes omitted.); *accord, e.g., Parr v. Paynter, supra.*"

*Foley*, at 1168. Thus, we must determine whether appellants acquired a vested contract right in the old pension plan prior to the enactment of the new pension plan.

Clearly, the relationship between both police officers and firefighters and the governmental unit which employs them is purely contractual. *City of Michigan City v. Austin* (1982), Ind.App., 442 N.E.2d 705, 714, *trans. denied; Wencke*, at 297; *Foley*, at 1163. The terms of this contract generally include all relevant statutory provisions as if those provisions were expressly incorporated. *Wencke*, at 297; *Foley*, at 1163. However, in determining whether retirement benefit programs provided by state statute for public employees create contractual rights in those employees, the courts of this state have applied a different analysis.

■ Retirement programs created by statute for the benefit of public employees generally fall into two distinct categories. Where the employee voluntarily opts to join the program and make contributions the benefits are characterized as annuities. *Board of Trustees of the Public Employees' Retirement Fund v. Hill* (1985), Ind., 472 N.E.2d 204, 208; *Ballard v. Board of Trustees of Police Pension Fund* (1975), 263 Ind. 79, 82, 324 N.E.2d 813, 815; *Jensen v. Pritchard* (1950), 120 Ind.App. 439, 445–46, 90 N.E.2d 518, 520–21, *trans. denied, quoting Rains v. Board of Trustees Pension Fund* (1937), 365 Ill. 610, 7 N.E.2d 489. Once an employee voluntarily enters such a plan a contractual relationship arises. *Hill*, at 208; 60 Am.Jur.2d *Pensions and Retirement Funds* sec. 50 (1972). Subsequent legislative attempts to alter an annuity plan have been generally invalidated as unconstitutional impairments of contract obligations. *Id.* Where employee participation in the retirement plan is compulsory or mandatory, however, it is termed a pension. *Hill*, at 208; *Ballard*, 263 Ind. at 82, 324 N.E.2d at 815; *Jensen*, 120 Ind.App. at 445, 90 N.E.2d 520, *quot-*

*ing Raines v. Board of Trustees Pension Fund* (1937), 365 Ill. 610, 7 N.E.2d 489; 60 Am.Jur.2d at sec. 49. Pensions are mere gratuities springing from the appreciation and graciousness of the state. *Ballard*, 263 Ind. 82, 324 N.E.2d at 815; *Klamm v. State of Indiana ex rel. Carlson* (1955), 235 Ind. 289, 292, 126 N.E.2d 487, 489, *Jensen*, 120 Ind.App. at 445, 90 N.E.2d at 520, *quoting Raines v. Board of Trustees of Pension Fund* (1937), 365 Ill. 610, 7 N.E.2d 489. Under such a plan, the employee has no vested contract rights until he fulfills all conditions existing at the time of his application for benefits. *Klamm*, 235 Ind. at 292, 126 N.E.2d at 489; *City of Mishawaka v. Squadroni* (1985), Ind.App., 486 N.E.2d 1088, 1091; *Aikens v. Alexander* (1979), Ind.App., 397 N.E.2d 319, 321, *trans. denied.*

■ In the present case, the appellants do not dispute the fact that their participation in the pension plan was compulsory. There was no option. Hence, they clearly had no contractual rights in the plan which was operating at the time they were hired. We must conclude, therefore, that the retroactive effect of the new pension plan did not result in an unconstitutional impairment of contractual rights. Certainly this rule could lead to some anomalous results. Appellants' remedy, however, lies in the legislature and not in the courts.

■ Finally, some appellants argue that retroactive application of the new pension plan to those police officers and firefighters hired after May 1, 1977, violates their equal protection rights. Appellants do not, nor could they, allege that they are a suspect class or that a fundamental right is involved. Thus, the proper standard to be applied in this case is the one announced by the United States Supreme Court in *Dandridge v. Williams* (1970), 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491, where it stated:

> "In the area of economics and social welfare, a State does not violate the Equal Protection Clause merely because the classifications made by its laws are imperfect. If the classification has some 'reasonable basis,' it does not offend the Constitution simply because the classification 'is not made with mathematical nicety or because in practice it results in some inequality. The problems of government are practical ones and may justify, if they do not require, rough accommodations—illogical, if may be, and unscientific. A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it.' (Citations omitted.)"

*Dandridge*, at 485, 90 S.Ct. at 1161, 25 L.Ed.2d at 501–02. *See also United States Railroad Retirement Board v. Fritz* (1980), 449 U.S. 166, 175, 101 S.Ct. 453, 459, 66 L.Ed.2d 368, 376 (dealing with a fact situation similar to the one presented here). In the present case, the legislature certainly had a rational basis for drawing the line in the new pension plan at May 1, 1977.

The new pension plan clearly was an attempt by the legislature to strengthen the financial position of the pension fund without thwarting the expectations of the old pension plan's longtime members. In so doing, the legislature did not choose to force all police officers and firefighters to enroll in the new pension plan. Instead, they offered those members a substantial cash bonus if they would enroll in the new pension plan and be subjected to its increased eligibility requirements. However, the legislature also determined that police officers and firefighters who had been employed less than 25 days should not be able to reap this substantial windfall. This would certainly constitute a rational basis for the line drawn in the new pension plan. The issue of whether it would have been more equitable to draw this line at another place is one for the legislature, not the judiciary. *See Fritz*, at 179, 101 S.Ct. at 461, 66 L.Ed.2d at 378–79.

The judgment of the trial court is affirmed.

ROBERTSON, P.J., and NEAL, J., concur.