■ In the Matter of HOWARD M. TRAVIS, Respondent, v CITY OF ROCHESTER et al., Appellants. [773 NYS2d 647]—

Appeal from a judgment (denominated order) of the Supreme Court, Monroe County (Eugene W. Bergin, J.), entered October 15, 2002 in a proceeding pursuant to CPLR article 78. The judgment granted the petition and directed respondents to resume paying supplemental benefits to petitioner pursuant to section 8B-5 (C) of the Charter of the City of Rochester.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law without costs and the petition is dismissed.

Memorandum: Respondents appeal from a judgment granting the CPLR article 78 petition seeking to compel respondents to resume payment of supplemental benefits to petitioner, a retired firefighter, pursuant to section 8B-5 (C) of the Charter of the City of Rochester (Charter). Petitioner was appointed to the Rochester City Fire Department on April 23, 1962. Thereafter, he executed an election to receive additional pension benefits pursuant to Retirement and Social Security Law § 384-e (384-e plan). Pursuant to the terms of that election, petitioner was required to retire at the age of 62. On March 9, 1995, petitioner applied for a service retirement and, on April 11, 1995, he applied for an accidental disability retirement. On April 28, 1995, petitioner retired on the ordinary service retirement, still enrolled in the 384-e plan, without prejudice to his pending application for a disability retirement. His application for a disability retirement was approved on September 25, 1995 and the New York State Police and Fire Retirement System converted the 384-e plan from a service retirement to a disability retirement. Petitioner's retirement income comprised approximately 75% of the amount of income petitioner earned in April 1995.

Because petitioner received a disability retirement, he was eligible for supplemental payments pursuant to Charter § 8B-5 (C). That section mirrors General Municipal Law § 207-a (2)

and provides that a firefighter receiving a disability retirement pension pursuant to Retirement and Social Security Law § 363 shall receive supplemental benefits amounting to "the difference between the amounts received under such . . . pension and the amount of his regular salary or wages" (Charter § 8B-5 [C]). Respondents advised petitioner on January 30, 2002, the month in which he turned 62, that his supplemental benefits would terminate effective February 28, 2002.

Petitioner contends that, notwithstanding the retirement age provision of the 384-e plan, there was no mandatory retirement age for firefighters from December 31, 1993 until September 30, 1996 because the provisions of the Age Discrimination in Employment Act ([ADEA] 29 USC § 521 *et seq.*) permitting firefighters to be terminated based upon age had been repealed (*see* § 623 [j]). Petitioner therefore contends that he was entitled to receive the supplemental benefits pursuant to Charter § 8B-5 (C) for the remainder of his life. We agree with petitioner that his interest in receiving disability retirement benefits was vested and took on the " 'attributes of a contract, which in the absence of statutory reservations, may not legally be diminished or otherwise adversely affected by subsequent legislation' " (*Birnbaum v New York State Teachers Retirement Sys.*, 5 NY2d 1, 8 [1958], quoting *Roddy v Valentine*, 268 NY 228, 232 [1935]; *see also* NY Const, art V, § 7; *Civil Serv. Empls. Assn. v Regan*, 71 NY2d 653, 656 [1988]). However, we disagree with petitioner that the fact that his interest was vested prevented respondents from enforcing the provision of Charter § 8B-5 (C) providing that petitioner was entitled to supplemental benefits only until he reached the "mandatory service retirement age," which, pursuant to the 384-e plan, was age 62. Although at the time petitioner retired respondents were unable to enforce the 384-e plan provision requiring retirement at age 62 because it had been suspended by the repeal of the exemption to the ADEA permitting a mandatory retirement age for firefighters (*see* McKinney's Cons Laws of NY, Book 1, Statutes § 375), petitioner retired voluntarily before the age of 62 and thus was neither adversely affected by nor benefitted from the provision, or its suspension. "The ADEA does not otherwise change the meaning and calculability of the term 'mandatory service retirement age applicable to him' for the limited purpose for which such reference is made in [section 8B-5 (C)], i.e., to determine longevity of an employer's section [8B-5 (C)] obligation" (*Matter of Farrell v Dolce*, 170 Misc 2d 333, 339 [1996]). Thus, we conclude that Supreme Court erred in granting the petition, and we therefore reverse the judgment and dismiss the petition. Present—Pine, J.P., Scudder, Kehoe and Hayes, JJ.