[Cite as *Gamel v. Cincinnati*, 2012-Ohio-5152.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| THOMAS A. GAMEL, SR., | : | APPEAL NO. C-110613 |
| | | TRIAL NO. A-1000293 |
| DONALD C. BEETS, | : | |
| | | *O P I N I O N.* |
| THELMA A. MERRITT, | : | |
| THOMAS J. KOCK, JR., | : | |
| SANDY L. SHERMAN, | : | |
| ROBERT E. LONNEMAN, JR., | : | |
| JOHN HARPER, | : | |
| and | : | |
| WILLIE DENSON, | : | |
| Plaintiffs-Appellants, | : | |
| vs. | : | |
| CITY OF CINCINNATI, | : | |
| MARK MALLORY, | : | |
| MILTON DOHONEY, JR., | : | |
| Defendants-Appellees, | : | |
| and | : | |
| RICHARD CORDRAY | : | |
| Defendant. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: November 7, 2012

*Katz, Teller, Brant & Hild* and *James F. McCarthy, III,* for Plaintiffs-Appellants,

*John P. Curp,* City Solicitor, *Graydon Head & Ritchey, LLP, Katherine M. Lasher*, and *Steven P. Goodin*, for Defendants-Appellees.

Please note:  This case has been removed from the accelerated calendar.

Per Curiam.

{¶1}    Plaintiffs-appellants appeal the trial court's entry of judgment in favor of the city of Cincinnati.  We conclude that the plaintiffs-appellants' assignments of error do not have merit, so we affirm the judgment of the trial court.

{¶2}    Plaintiffs-appellants are retirees who participate in the Cincinnati Retirement System and who retired prior to December 31, 2007.

{¶3}    The Cincinnati Retirement System was established by ordinance in 1931. "[The] system was established as a defined benefit plan and provide[d] for retirement benefits, including survivor benefits, based on age, years of service and wages." Cincinnati Municipal Code 203-0.  In 1961, the city added healthcare benefits for qualified members.  Cincinnati Municipal Code 203-19.  In 2000, the city amended Cincinnati Municipal Code 203-43 to include a basic dental and vision benefit.  And in 2001, the municipal code was amended to include, in part, "[s]uch Qualified Medical Benefits and the level of Qualified Medical Benefits payments payable by the Retirement System are also subject to reduction, increase, modification or elimination by the city." Cincinnati Municipal Code 203-121(e)(iii). [1]

{¶4}    At issue in this case is an ordinance passed by the city council in 2009. The ordinance amended sections of the code pertaining to the retirement system.  The effect of the amendments was to reduce the healthcare benefit that the plaintiffs-appellants had been receiving.  Prior to the amendments, the plaintiffs-appellants had no deductible and no out-of-pocket cap for healthcare or prescriptions.  After the 2009 ordinance, the plaintiffs-appellants would have a deductible of $200 and out-of-pocket

---

[1] In this case, we consider whether the ordinance passed in 2009 that modified the plaintiffs-appellants' healthcare benefits was valid.  We do not address whether, as referred to in Cincinnati Municipal Code 203-121(e)(iii), the benefits could be eliminated entirely.

caps for healthcare and prescriptions of $2,000. The ordinance provided that the revisions to the retirement system would become effective on January 1, 2010.[2]

{¶5}     The plaintiffs-appellants filed a class-action complaint for injunctive relief, money damages, and declaratory judgment, seeking to reverse the city's modification of the healthcare benefits. By agreement of the parties, the trial court postponed deciding on class certification until liability was determined. The case was tried before the bench. Following the trial, the trial court entered its final judgment dismissing the plaintiffs-appellants' claims with prejudice. The plaintiffs-appellants now appeal.

{¶6}     In their first assignment of error, the plaintiffs-appellants assert that the trial court erred when it determined that they did not have a vested right to the healthcare benefits. They contend that the healthcare benefits, as with other retirement benefits, vested by the retirement system's design, its funding, and its administration.

{¶7}     Because the retirement system was established by city ordinances, we look to the ordinances to determine whether a vested right to healthcare benefits was established. *See generally Ohio Assn. of Pub. School Emp. v. School Emp. Ret. Sys. Bd.*, 10th Dist. No. 04AP-136, 2004-Ohio-7107. "[A]bsent some clear indication that the legislature intends to bind itself contractually, the presumption is that 'a law is not intended to create private contractual or vested rights but merely declares a policy to be pursued until the legislature shall ordain otherwise.' " *Natl. RR. Passenger Corp. v. Atchison, Topeka & Santa Fe Ry. Co.*, 470 U.S. 451, 465-66, 105 S.Ct. 1441, 84 L.Ed.2d 432 (1985), citing *Dodge v. Bd. of Edn.*, 302 U.S. 74, 79, 58 S.Ct. 98, 82 L.Ed. 57 (1937).

---

[2] The plaintiffs-appellants also take issue with changes made to the healthcare benefits in an ordinance passed in 2011. But their amended complaint did not encompass the 2011 ordinance. Therefore, it was never before the trial court.

{¶8}    When hospital and medical insurance coverage was added to the retirement system, the ordinance clearly stated that the hospital and medical benefits were "in addition to the other benefits provided for in [Cincinnati Municipal Code Chapter 203]." Ordinance No. 442-1960. The distinction between the retirement allowances and the healthcare benefits has been maintained throughout the existence of the retirement system. This distinction is significant. The only references to vesting in Cincinnati Municipal Code Chapter 203 are made in reference to the retirement allowances. The heading of Cincinnati Municipal Code 203-33 is "Service Retirement Allowance; Vesting." And in 2000, when basic dental and vision care were added, Cincinati Municipal Code 203-43 was amended, in part, to include the following:

> The provisions of Section 203-33 of this Chapter, which provide for retirement allowances after vesting, shall not entitle persons so vested to the payment of hospital, surgical, medical, dental or vision insurance coverage under the provisions of this section unless such persons are members who also qualify for such benefits under the provisions of this section.

{¶9}    We conclude that this language evinces the city's intent that a member of the retirement system had a vested right in only the retirement allowance.

{¶10}    Our conclusion is not changed by the plaintiffs-appellants' argument that the healthcare benefits had vested by the funding of the retirement system. The plaintiffs-appellants accord great weight to the statement of Cincinnati City Treasurer Jack Walsh that the retirement system prefunds its benefits. But at no time did the city establish a separate fund into which the retirees paid for healthcare. In 2001, the city did amend Cincinnati Municipal Code Chapter 203 to clarify that part of the retirement fund was designated for healthcare-related expenses. *See* Cincinnati Municipal Code

203-121. But that clarification was made to comply with Internal Revenue Service requirements to maintain tax benefits. At no point was there a separately invested fund for the healthcare portion of the system. And the retirees can point to no part of Cincinnati Municipal Code Chapter 203 that would indicate that money that they had paid into the system went directly to pay for the healthcare insurance. Rather, the pool of money was used to pay for the retirement allowances and the insurance coverage that had been negotiated between the city and its underwriters.

{¶11} Nor are we persuaded by the retirees' contention that their rights to healthcare insurance had vested by the administration of the fund. Multiple retirees testified that they had been told by city employees in the retirement office that the healthcare benefits were vested. But even if the employees had so counseled the retirees, the employees had no authority to bind the city. We conclude that the retirees did not have a vested right to the healthcare benefits. The first assignment of error is overruled.

{¶12} In their second assignment of error, the plaintiffs-appellants assert that the trial court erred when it failed to find that there was an impairment or breach of a contract caused by the modification of the healthcare benefits. They contend that the 2009 amendment to Cincinnati Municipal Code Chapter 203 amounted to a violation of the Ohio Constitution, Article II, Section 28, which prohibits the city from passing a law that impairs the obligation of a contract or, in the alternative, that the amendment amounted to a breach of contract by the city. Under either theory, the initial question is whether the city had contracted with the plaintiffs-appellants to provide them healthcare benefits at a set level at the time that they retired. We conclude that it had not.

{¶13} As discussed earlier, a legislature's desire to create vested rights or to bind itself contractually must be clearly manifested in its enactments. The presumption that a law does not contractually bind a legislature is "grounded in the elementary

proposition that the principal function of a legislature is not to make contracts, but to make laws that establish the policy of the [city]." *Natl. RR. Passenger Corp.*, 470 U.S. at 466, 105 S.Ct. 1441, 84 L.Ed.2d 432.

{¶14}    The plaintiffs-appellants point to language throughout Cincinnati Municipal Code Chapter 203 that they claim manifests the city council's intent to contract to provide healthcare coverage for its retirees.  But none of the language quoted nor any other language that we have reviewed shows a clear intent to overcome the presumption that council was making policy, not a contract.

{¶15}    The plaintiffs-appellants cite as authority *State ex rel. Cunat v. Trustees of Cleveland Police Relief & Pension Fund*, 149 Ohio St. 477, 483, 79 N.E.2d 316 (1948). But the statute at issue in that case specifically stated that benefits would vest upon certain conditions being met.  The language of the ordinance before us contains no such statement with respect to the healthcare benefits vesting.

{¶16}    Because we conclude that there was no contract on the part of the city to provide the healthcare coverage at the same level and of the same type that existed when the plaintiffs-appellants retired, we need not consider whether there was an impairment or a breach.  The second assignment of error is overruled.

{¶17}    We consider the third and fourth assignments of error together.  In the third, the plaintiffs-appellants assert that the trial court erred when it failed to hold that the modification of the healthcare benefits amounted to a denial of substantive due process.  And in the fourth, they assert that the trial court erred when it held that the modification of the benefits did not amount to a taking of the retirees' property.  As we concluded earlier, the retirees had no vested right in the healthcare benefits. Accordingly, the modifications did not amount to a taking of their property.  The third and fourth assignments of error are overruled.

{¶18}    The plaintiffs-appellants' fifth assignment of error is that the trial court erred when it held that the city was not estopped from denying healthcare benefits to the retirees. "The doctrines of equitable estoppel and promissory estoppel are inapplicable against a political subdivision when the political subdivision is engaged in a governmental function." *Hortman v. Miamisburg*, 110 Ohio St.3d 194, 2006-Ohio-4251, 852 N.E.2d 716, syllabus. *See also* R.C. Chapter 2744. The provision of a retirement system for public employees is a governmental function. *See* R.C. 2744(C)(2)(f); *George v. Mansfield*, 5th Dist. No. CA-2740 (Aug. 23, 1990).

{¶19}    We are not unsympathetic to the plaintiffs-appellants' position. The information about the so-called permanence of the retirees' healthcare benefits was, in this record, shown to be repeatedly, clearly, and fully disseminated by city employees in the city's retirement office. And the city's leaders and city mangers—those same city leaders and managers who had worked with these retirees on a daily basis—did nothing to correct the plaintiffs-appellants' misconception about the unalterability of their healthcare benefits. But we are constrained by Ohio law, and in this state, promissory estoppel is inapplicable to this case. Thus, the fifth assignment of error must be overruled.

{¶20}    The final assignment of error is that the trial court erred when it concluded that the city had not breached its fiduciary duty to the retirees when it enacted the changes to the healthcare benefits. The plaintiffs-appellants contend that the city breached its fiduciary duty to the retirees because it underfunded the retirement system. The plaintiffs-appellants point to several instances that they argue amount to a deliberate underfunding of the system.

{¶21}    The arguments are unavailing. The city council's enactment of ordinances with respect to the funding of the system was a governmental function

subject to immunity under R.C. Chapter 2744. Further, even if we were to conclude that R.C. Chapter 2744 did not apply to the city council's action, the record does not support the plaintiffs-appellants' contention that the city's budget decisions amounted to a breach of a duty to the retirees. *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 19; *State v. Thompkins*, 79 Ohio St.3d 380, 678 N.E.2d 541 (1997). The final assignment of error is without merit.

{¶22}    We therefore affirm the judgment of the trial court.

Judgment affirmed.

**SUNDERMANN, P.J., HENDON** and **FISCHER, JJ.**

Please note:

The court has recorded its own entry this date.